By the Couet.
Bosworth, J.
The bonds in question not having been issued by the Maysville & Lexington Railroad Company, were not properly in their hands or in the hands of their agents in such sense that any creditor, of the company by attaching them, could enforce the obligation which their *247 terms import, either by action on the bonds or by a foreclosure of the mortgage by which they purported to be secured, or by action against the City of Maysville, or the Louisville & Frankfort Bailroad Company on their respective guarantees.
As well might a creditor on attachment against his debtor, seize a note made by the debtor, and left with an agent to be negotiated, but which had not been negotiated at the time of such seizure.
The attachment requires the sheriff to attach and safely keep all the property of the Maysville & Lexington Bailroad Company within his county, &c.
The words “ property” as used in the Code, included property real and personal, section 464.
The words “ personal property” as used in the Code included “money, goods, chattels, things in action, and evidences of debt,” section 464.
The bonds were not things in action on which the company issuing them could maintain an action, nor were they evidences of debt owing to the company. As obligations they had no validity and were valueless.
For the purpose of raising the questions of law to be passed upon at the general term, they were treated as valid obligations, precisely as they would have been, if they had been issued and negotiated by some other company, and at the time belonged to the defendants in the attachment. One question which it was considered would arise for the consideration of the court, was whether bonds executed by a railroad company and in the hands of its agents to be negotiated for it, could be seized on an attachment against the company, and by such seizure give to the creditor any right to enforce the bonds against the company, or to enforce any claims against those who had guaranteed the bonds for the purpose of enabling the company to negotiate them on better terms.
We are clearly of the opinion that no such rights could be required by such an attachment.
The fact that Gilbert, Coe, & Johnson were authorized to sell enough of the bonds to reimburse them the amount the company was owing them, does not strengthen the plaintiff’s case. The only property in the bonds as obligations which *248 this authority could create, was the property of Gilbert, Coe, & Johnson. When they were paid, the bonds so far as relates to the capacity of the plaintiff to proceed against and attach them, were in precisely the same condition as they would have been if Gilbert, Coe & Johnson, had never been creditors of the company, but had at all times held them merely as agents of the company, with power to negotiate them for the company.
The decision of this point being sufficient to dispose of the case, we deem it unnecessary to pass upon any other of the numerous questions discussed at the hearing, and which it was insisted were fatal to the plaintiff’s right to recover.
The verdict must be set aside and the complaint dismissed.