## FITZGERALD *vs.* BLAKE.

The amount of property to be seized by the sheriff, upon an attachment, is within the exercise of a sound discretion by him; and he is responsible to both parties for the exercise of a sound and reasonable discretion in performing his duty.

The plaintiff has no right to dictate the extent of the levy, any more than the defendant has to limit it. The plaintiff can only point out the property to the sheriff, and require a levy upon so much as will be sufficient.

In an attachment suit the plaintiff can not affect real estate belonging to the defendant by filing a notice of the pendency of the action and including therein premises not seized by the sheriff under the attachment.

The notice affects only those lands which the sheriff has attached, and is inoperative as to all other lands included therein.

APPEAL, by the plaintiff, from an order made at a special term, directing a notice of the pendency of the action to be taken from the files. The action is for the recovery of money, and an attachment was issued therein against the defendant as a non-resident debtor. The notice described the premises which the plaintiff seeks to have subjected to his attachment, and included a large amount of real estate not seized by the sheriff under the warrant of attachment. It was admitted on the argument that the sheriff had returned upon the warrant the real estate which he had levied upon by a specific description.

*By the Court,* LEONARD, J. The right to file a notice of the pendency of the action is expressly given by section 132 of the code, whenever a warrant of attachment has been issued intended to affect real estate; but the notice must describe the property affected thereby, and state the names of the parties and the object of the action. It is the duty of the sheriff to attach so much of the property of the defendant as will be sufficient to satisfy the plaintiff's demand with costs and expenses. The amount of the demand must be stated in the warrant, in conformity with the complaint.

In this case the sheriff has levied on so much as he considered sufficient. The extent of the seizure was within the

exercise of a sound discretion by the sheriff. If his levy was excessive, the defendant might complain, and if insufficient, the plaintiff. He is responsible to both parties for the exercise of a sound and reasonable discretion in performing his duty. The plaintiff has no authority to dictate the extent of the levy, any more than the defendant has to limit it. The plaintiff can point out property to the sheriff, and require a levy upon so much as will be sufficient, but the sheriff must decide for himself, upon the responsibility which attaches to his office, as to the extent and sufficiency of the seizure.

In the present instance, the plaintiff attempts to affect real estate belonging to the defendant by filing a notice of the pendency of the action and including therein premises not seized by the sheriff under the attachment. In my opinion, the notice affects only those lands which the sheriff has attached, and is inoperative as to all other lands included therein.

The notice may be oppressive in its operation upon the defendant, and obstruct him in the enjoyment of his property, upon which no levy has been made under the attachment. Such a contingency ought to be prevented. The plaintiff's attorneys were wrong, perhaps unintentionally, in including property in the notice which had not been levied on by the sheriff.

The order appealed from should be modified so as to amend the notice, by striking therefrom so much of the premises therein described as have not been levied on under the warrant of attachment according to the sheriff's return on the warrant, without costs.

[NEW YORK GENERAL TERM, September 5, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]