HENRY J. SARTWELL et al., Appellants, *v.* JOHN W. FIELD, Respondent.

An attachment cannot be demanded as matter of right; and whether in a particular case it should issue is within the discretion of the court; an order, therefore, refusing the writ is not reviewable here.

(Argued January 23, 1877; decided January 30, 1877.

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing an order of Special Term which denied a motion to vacate an attachment, and vacating such attachment.

The facts sufficiently appear in the opinion.

*C. D. Adams* for the appellants.

*D. C. Stoddard* for the respondent. The evidence presented to an officer upon an application for an attachment must show a clear *prima facie* case within some of the provisions of section 229 of the Code. (*Mott* v. *Lawrence*, 17 How. Pr., 559; *O'Reily* v. *Friel*, 37 id., 272; *Frank* v. *Levi*, 5 Robt., 599; *Danzer* v. *Munday*, id., 636; *Skiff* v. *Stewart*, 39 How. Pr., 385; *Hill* v. *Bond*, 22 id., 272; *Hathorn* v. *Hall*, 4 Abb., 228.) If the facts legally tend to support the allegation of fraud, the officer has jurisdiction. (*Talcott* v. *Rosenberg*, 8 Abb. [N. S.], 28; *Cooney* v. *Whitfield*, 41 How., 6; *Van Alstine* v. *Erwine*, 11 N. Y., 331; *Skinnion* v. *Kelley*, 18 id., 356; *Miller* v. *Brinkerhoff*, 4 Den., 118; *Staples* v. *Fairchilds*, 3 Cow., 46; *Harmon* v. *Brotherson*, 1 Den., 537; *Mott* v. *Lawrence*, 17 How. Pr., 569.)

EARL, J. An attachment was granted in this case by the special county judge of Oneida county. The Special Term of the Supreme Court denied the motion of defendant to set aside the attachment, and upon appeal to the General Term the Special Term order was reversed and the attachment was

set aside. The question to be determined by us is, whether we will interfere with the decision of the General Term?

Preliminary injunctions, attachments and orders of arrest are provisional remedies provided by the Code which a plaintiff, in a proper case, may resort to before judgment, that the object of his action may not be defeated by the conduct of the defendant before he can obtain judgment.

In the case of preliminary injunctions, it has been frequently decided in this court that the granting, refusing and vacating such injunctions are matters of discretion in the Supreme Court which will not be reviewed upon appeal to this court. (*Rae* v. *The Mayor, etc.,* 62 N. Y., 631; *Paul* v. *Munger,* 47 id., 469; *People* v. *Schoonmaker,* 50 id., 499.) In the case of orders of arrest, we have decided that such an order is in no case matter of right, and that we will not review the decision of the Supreme Court refusing such an order. But in case an order of arrest has been granted by the Supreme Court and the personal liberty of a party thus invaded, we have held that upon appeal to this court *in favorem libertatis* we will entertain the appeal, and inquire whether, upon the facts of the case, the defendant ought to have been arrested.

Attachments as a provisional remedy under the Code should be put upon the same footing with injunctions. A plaintiff can in no case demand an attachment as matter of right, and whether in any case an attachment should issue rests in the discretion of the Supreme Court.

The power to grant all of these provisional remedies is given in substantially the same terms, and the language of the statute is not imperative. The Code simply provides that a party may have the remedy, and whether the exigencies of the case are such as to require that the remedy shall be granted must be determined by the Supreme Court.

An attachment is first granted by a judge. This decision may be reviewed at Special Term and the decision at Special Term may be reviewed upon appeal by the General Term, and thus there is ample opportunity for all the examination

and consideration such a question should receive.   After the Supreme Court has finally exercised its discretion, there is no reason for allowing an appeal to this court in a mere matter of practice and procedure in no way affecting the merits of the action.   Such a remedy may affect important rights, but they can be cared for in the Supreme Court in the exercise of its discretion.

The appeal must, therefore, be dismissed with costs.

All concur.

Appeal dismissed.