JOHN DUNLOP v. THE PATTERSON FIRE INSURANCE COM-
PANY, JAMES JACKSON, Receiver, etc., Appellant.

This court has jurisdiction upon appeal of a question as to whether property attached is legally the subject of attachment.

Money deposited with the clerk of a court, in lieu of an undertaking on appeal, is liable to an attachment in an action by a third person against the depositor. The right of the latter in the deposit is not contingent. The ultimate title remains in him, subject to the claim of the respondent on the appeal.

The granting or denial of an application by a receiver of the property of an attachment debtor to come in, in place of the defendant, to move to set aside the attachment, is in the discretion of the court, and the exercise of this discretion is not reviewable here.

*Freeman* v. *Howe* (24 How. [U. S.], 450); *Turner* v. *Pendell* (1 Cranch, 177); *Baker* v. *Kenworthy* (41 N. Y., 215); *Shinn* v. *Zimmerman* (3 Zab., 150); *Chealey* v. *Brewer* (7 Mass., 259); *Bulkley* v. *Eckert* (3 Penn., 368); *Coppell* v. *Smith*, 4 T. R., 313), distinguished.

(Argued May 28, 1878; decided June 18, 1878.)

APPEAL by James Jackson, appointed receiver of the property of the defendant in this action, from an order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, denying a motion by said receiver to set aside levies made under two attachments against said defendant, or to allow the receiver to come in in, the actions in which the attachments were issued, for the purpose of moving to vacate the attachments, or the levies made thereunder. (Reported below, 12 Hun, 627.)

The attachments were levied upon the sum of $2,000 then

Statement of case.

in the hands of the clerk of the City Court of Brooklyn, in lieu of an undertaking on appeal from a judgment in an action in favor of one Redfield against defendant. The appellant was appointed receiver after the levy of the attachment under and by stipulation, also made after the levy of the attachment. An order was entered in the Redfield suit settling defendant's liability, directing the clerk to pay to the plaintiff therein, out of the $2,000 on deposit, the sum of $650, and to pay the balance thereof to defendant's attorney.

*Preston Stevenson,* for appellant. The fund upon which the sheriff levied is not attachable. It is in *custodia legis.* (*Taylor* v. *Carryl,* 20 How. [U. S.], 583, 594; *Freeman* v. *Howe,* 24 id., 450; *Muscot* v. *Woolworth,* 14 How., 477; *Baker* v. *Kenworthy,* 41 N. Y., 215; Wait's Practice, vol. 2, p. 161; Drake on Attachment [4th ed.], §§ 251, note 3, 402, 503, 508; *Shenn* v. *Zimmerman,* 3 Zab. [N. J.], 153, 154; *Leightner* v. *Steinagh,* 35 Ill., 510; *Hill* v. *Lacrosse and Nill. R. R.,* 14 Wis., 291; 3 Ill., 451; 3 Cal., 363; 9 Mo., 382; 3 Mass., 289; 17 Pick., 462; 1 Hain [Ohio], 135; Wait's Practice [*supra*]; Crary's Special Proc. [5th ed.], vol. 1, p. 112; *Alstore* v. *Clay,* 2 Haywood [N. C.], 171; *Hunt* v. *Stevens,* 3 Iredill [N. C.], 365; 7 Gill. & Johns. [Ct. App. Md.], 428; 7 Humphreys [Tenn.], 132; 3 Hill [L. C.], 12; Bailey's Cases in Equity [S. C.], 364–367; 1 Murphey [N. C.], 48; Sargeant on Attachment, 89; Locke on Attachment, 33, 44; 8 Mass., 246; 1 Dallas [Sup. Ct., Pa.], 354; 4 Term. Rep., 312; 12 Ill., 358; 33 id., 510; 7 Humphreys, 132; *Crane* v. *Freer,* 1 Harr [N. J.], 305; *Hurlburt* v. *Hicks,* 17 Vt., 193; *Lovejoy* v. *Lee,* 35 id., 430.) The fund was not attachable because defendant had no attachable interest in it. (Drake on Attachments, §§ 551, 552; *Bates* v. *N. O. J. and G. N. R. R.,* 13 How., 516; *Jones* v. *Bradner,* 10 Barb., 193; *Buckmaster* v. *Smith,* 22 Vt., 203; Wait's Practice, vol. 2, p. 162; *Faulkner* v. *Waters,* 11 Pick., 473.) The order was appealable. (*Tracy* v. *Nationable Bank of Selia,* 37 N. Y., 523.)

*Coudert Brothers*, for respondent. Orders granting, refusing or vacating attachments will not be reviewed in this court. (*Wallace* v. *Castle*, 68 N. Y., 373; *Sartwell* v. *Field*, 68 id., 341; *Wright* v. *Brown*, 67 id., 1.) The interest in the money deposited by the insurance company with the clerk of the City Court of Brooklyn was liable to attachment. (Code, § 235; Drake on Attachments, §§ 244, 251, 506; *Conant* v. *Bicknell*, 1 D. Chipman [Vt.], 50; *Hurlbut* v. *Hicks*, 17 Vt., 193; *Lovejoy* v. *Lee*, 35 id., 430; *Crane* v. *Freese*, 1 Harrison [N. J.], 305; *Salter* v. *Weiner*, 6 Abb., 191; *Whaley* v. *Conner*, 5 Weekly Digest, 206; *Muscott* v. *Woolworth*, 14 How., 477; *Turner* v. *Fendall*, 1 Cranch, 117; *Baker* v. *Kenworthy*, 41 N. Y., 215; *Hermann* v. *Aaronson*, 3 Abb. [N. S.], 389; 8 id., 155; *Comm. Wareh. Co.* v. *Graeber*, 45 N. Y., 393.)

Folger, J. As a general rule, orders granting, refusing or vacating attachments, will not be reviewed by this court. (*Sartwell* v. *Field*, 68 N. Y., 341; *Wallace* v. *Castle*, id., 373.) It is now urged, however, that the property which was attached, in this case, was in the custody of a court of record, that it was therefore incapable of being seized or levied upon by attachment, and that the case is, as if an attachment had been granted without the power so to do in the court or judicial officer allowing it. In case of want of power to grant them, such orders are the subject of review in this court. (*Tilton* v. *Beecher*, 59 N. Y., 176.) And the ground upon which this appeal is placed is analogous to that. The application is not so much in its essence, in this branch of it, to dissolve or vacate the order itself, as it is to have a judicial declaration, that the particular property affected by it, is not liable to attachment, and ought therefore to be released from even the seeming effect of the order. And if the property sought to be affected is not legally the subject of attachment, there is a case presented of which this court has jurisdiction.

Doubtless the property, which was, in fact, made the sub-

ject of attachment, was in the custody of an officer of a court
of record, and the appellant would at the time have had no
right to remove it therefrom, or to meddle with it. But doubt-
less also, the appellant had a right and interest in that prop-
erty, which was capable of being transferred by it, by its own
act of assignment. Had it made an assignment of it, that
act would not have removed it from the custody of the
officer holding it, nor would it have put upon him any greater
liability than he assumed by the primary reception of it. He
was liable to hold it, to answer the event of the litigation of
Redfield with the appellant, and to return to the latter all
that was not required to answer the proper demand of the
former. And after the litigation should have been over
with Redfield, would not the clerk have been liable to the
defendant for the whole or a residuum of the moneys, which
liability could be enforced? And it was this last liability
which would be the subject of the assignment. The claim-
ant and real appellant, in this case, is a receiver appointed
by a court in equity. He gets whatever title he has to this
property, by operation of law, or by an assignment in fact,
compelled by a court. Now could not that same liability be
the subject of a transfer by process of law, as well as by the
act of the corporation or by operation of law, and there be no
illegal interference with the official power and duty of the
officer holding the property? We think that it could. It
may be granted that no process should have been issued
which commanded the taking actual possession of the prop-
erty, either exclusive of the clerk of the city court, or in
common with him; nor, however the process was worded,
should it have been executed by taking or attempting to
take such possession. To such extent are some of the cases
cited for the appellant. But there was power to grant an
attachment against the property of the appellant. The
money in the hands of the clerk of the city court, or a resid-
uary interest in it, was such property. The fund itself could
not be taken away from him. It was the right to have from
him, after the litigation with Redfield was ended, the whole

or a residue of that money, which was such property. That right was not in the custody of that clerk, so that he could ever retain it, or, of right, pass it to another. An attachment against the appellant's property, levied upon that, took nothing out of the custody of the clerk, nor meddled with anything in his hands. It seized upon an intangible right, by means of the order of the Supreme Court and notice to the clerk of the issuance thereof. Such process and such action upon it made no conflict of jurisdiction between the two courts. The city court held the money, with a conceded right. The officer of the Supreme Court held the right to receive it, or some of it, from the clerk, when the city court should see fit to declare the purpose fully served for which it took it into custody. It would not be contended that a chose in action is not liable to attachment. (*Coddington* v. *Gilbert*, 5 Duer, 72; affirmed, 17 N. Y., 489.) Yet it may exist without a right to an immediate possession of the ultimate object of it. A right to a legacy, charged upon land, may be attached, in the hands of a devisee of the land, though the attaching officer may not manually take the fund from him. The Old Code, § 234, expressly allowed the levy by attachment on rights or shares in associate or corporate stock, and the sale thereof. And the New Code allows it. (§ 647.) But there was and is no manual taking of any part of the property of the corporation, nor interference therewith or with its business or rights.

That the clerk of the city court may be required to furnish a certificate is no invasion of his privileges, or of the rights or jurisdiction of the court of which he is an officer. A subpoena may issue to him from the proper court, to bring with him some of the records of the city court; and if he fails, he may be punished for contempt. It is not otherwise with the power to compel a certificate.

We may not deny that the appellant has numerous and respectable decisions, which tend to sustain the views which he has urged upon us. From some of them we will not differ. They are those which hold, that a process out of

one court, to its officer, may not be served by a manual interference with the possession of property in the custody of the officer of another court, by virtue of its process, such interference carried to the point of the exclusion of the latter officer; nor may there be an interference which, though it stops short of exclusion, claims and takes a joint possession of the property. Of this class is *Freeman* v. *Howe*, 24 How. (U. S.), 450. Neither may we deny the soundness of other decisions to the end that such process as an execution to a sheriff, which can be executed to effect only by an actual caption of the property which is sought to be subjected to it, may not be levied upon property in the hands of an officer of the court, under certain circumstances. Of this class are *Turner* v. *Fendall* (1 Cranch [S. C.], 117); *Baker* v. *Kenworthy* (41 N. Y., 215). But they go upon the ground that an execution directs the taking of the goods and chattels of the defendant, and that money not yet paid over to him, though he has the right to have payment of it, is not his goods, and so there can be no caption of it as such. But when the process is also against a right to have property, and may be executed against an intangible right, by giving notice of the existence of the process, or by garnishment as it is called, the reason of the rule from the cases just cited, does not remain. It is not denied, I think, in that class of cases, that if there exists such relation between the officer and the defendant in the attachment suit, as that there is a credit, or the right of the latter may be deemed effects of his, there may be a garnishment; (*Wilder* v. *Bailey*, 3 Mass., 289–292; or if the money have been intrusted or deposited with the officer by the attachment defendant. (Id.) Clearly, in the case before us, the defendant did deposit and intrust with the clerk its own money, which remained its own money when the attachment order was served upon the clerk; and that money always has been the goods, credits and effects of the defendant, deposited in the hands of the clerk, and of which he is a trustee of the defendant. (Id., 294.)

There is another class of cases. They hold that a debt that has passed into judgment against the debtor may not be attached in his hands. (*Shinn* v. *Zimmerman*, 3 Zab., 150.) It is for the reason that the debtor is then liable to the execution on the judgment, and has no chance to plead the levy of the attachment; and if the latter be held good against him, he would be placed between clashing peremptory processes of different courts. It is not necessary to inquire whether this rule is applicable to our process of attachment, for it is not involved in the facts of this case.

There is another class of cases which comes nearer to that in hand. It is held by them, in general terms, that money in the hands of a public officer is not the subject of attachment. In some of them the decision is put upon the phrases of the statute allowing the process. (*Chealy* v. *Brewer*, 7 Mass., 259), where the words of the statute required an intrusting and deposit by the debtor with the officer, which words are not in our Code; and if they were, are met by the facts of our case. Or the money was part of a mass of public money, held by the officer for public purposes, the right to which in the attachment debtor did not have the character of a private claim against the officer. (*Bulkley* v. *Eckert*, 3 Penn. St., 368.) It is not to be denied, however, that a broader rule has been laid down; that no person deriving his authority from the law, and obliged to execute it according to the rules of law, can be charged as garnishee in respect of any money or property held by him, in virtue of that authority. (See Drake on Attachments, §§ 494 *et seq.*, and cases cited.) I have examined enough of those cases to perceive the rules laid down by them. In all which I have read, however, there is this to be noticed: That the money in the hands of the officer of the law did not go there directly from the debtor in the attachment, but from some other and original and independent source, over which the attachment debtor had no control as an owner. (*Coppell* v. *Smith*, 4 T. R., 313.) In this there is a material distinction from our case. Here the money was the absolute property of the

attachment debtor, and always continued to be its property, subject to the express and limited right of the clerk over it, conferred principally by the act of the attachment debtor. As, when the right of the clerk to withhold the whole or a part of it ceased, that debtor could demand and have the whole or a part of it, why, as above suggested, might not the debtor have its right of proceeding as against the clerk ; and, if so, why not be able to transfer that right ; and, if so, why may not the law transfer it ? Even in some of the cases above referred to, there is a distinction taken which makes for our view — as, if money is collected by a sheriff in excess of the needs of the execution, that excess is attachable. (*Pierce* v. *Carlton*, 12 Ill., 358; *Lightner* v. *Steinagel*, 33 id., 510.) And the reason given is that such excess is so much money in the hands of the officer, had and received for the use of the debtor in the execution. The same reason applies here to any portion of the deposit with the clerk in excess of the amount needed to satisfy the claim of Redfield. It is further said, that if anything arises to change the relation of the officers from an official obligation to personal liability, he will be amenable to the process of garnishment. It will be seen further on, herein, that this change was effected in the case in hand. And it is to be seen, on examination, that many of the reasons given against the power to attach moneys, or the right to moneys in the hands of an officer, do not apply to the case before us. In addition to those already given is this : That it would lead to litigation in one suit over the effects in another ; and would produce embarrassment and confusion to permit one process to intercept money raised on another, while in the hands of the officer ; and that it might often lead to injustice, inasmuch as often the names of persons who have the real right to money raised by process do not appear upon the process by which the money was got. (*Ross* v. *Clarke*, 1 Dallas [Penn.], 354; *Crane* v. *Freese*, 1 Harrison [N. J.], 305.) Yet, notwithstanding this, in the case last cited it was held, that the attachment was well levied on the rights and credits of the attachment debtor in the

hands of the sheriff, and a feasible way was pointed out of avoiding the difficulties spoken of, viz.: For the officer to bring the money into court, which can control the application of the funds. In the case in hand, the money is already in court, susceptible of the treatment indicated.

It is urged that the interest of the defendant in the money on deposit is but contingent; and then it is claimed that an attachment may not be levied upon a contingent interest. There are decisions to the effect claimed by the appellant. (*Bates* v. *N. O., J. and G. N. R. R. Co.*, 13 How., 516; *Jones* v. *Bradner*, 10 Barb., 193; *Faulkner* v. *Waters*, 11 Pick., 473.) It is not necessary that we now examine these cases and determine whether we coincide with the conclusions of them. In the case in hand, the right of the attachment debtor in the deposit was not contingent. The original legal title to it was in the debtor, and the ultimate title still remained in it, subject to the liability of the money to answer the claim upon it of Redfield. That claim, by stipulation of the parties to the action in the city court, confirmed by the order of that court, had been adjusted and liquidated at a sum certain, and there was left a considerable balance to be returned to the attachment debtor which that order directed the clerk to pay over to the attorney of the defendant in that action, or to his order. Thus there was a right in the money on deposit, fixed and certain.

The point made by the appellant, that the court below should have permitted the receiver of the defendant to have come into the case in place of the defendant, is of no avail here. It is a matter in the discretion of that court. The receiver is its officer. It may see the way to protect his interests and those of the defendant, as well in the present position of the parties as in that sought by it; and we may not interfere with its discretion.

Nor is the point tenable, that the court below got no jurisdiction by reason of the defective service, or want of service, of the summons, in the case of one of the plaintiffs in the attachment suits. We have passed upon this question

SICKELS.—VOL. XXIX. 20

lately in the case of *The Howe Machine Co.* v. *Pettibone* (MS. Op., May, 1878). *

We find no reason for a reversal of the orders appealed from. They should be affirmed.

All concur, except CHURCH, Ch. J., not voting.

Orders affirmed.