LOUISA DONAI WEHLE, Appellant, v. WILLIAM C. CONNER, Sheriff, etc., Respondent.

Judgment debts and moneys collected on execution by and in the hands of a sheriff are liable to attachment under process issued in an action against the judgment creditor.

*Wilder* v. *Bailey* (3 Mass. 289) and *Pollard* v. *Ross* (5 id. 319), disapproved.

The right so to attach is not affected by the fact that the judgment debtor is also the attaching creditor.

Where property of an attachment debtor is already in the hands of the sheriff to whom the attachment is issued, no formal levy or notice is necessary to subject it to the lien of the attachment.

Where, in an action against a sheriff for a failure to return a certain execution, defendant proved, in mitigation of damages, that prior to the return day the judgments were levied upon by virtue of attachments issued to him against the judgment creditor, *held*, that the fact that the sheriff

failed to make a valid levy by virtue of the execution did not destroy or weaken the effect of the proof in mitigation; that it was immaterial whether the failure to return was because of a neglect to levy, or arose after levy and collection; in either event, while the attachments remained in force plaintiff was only entitled to nominal damages.

Plaintiff offered to prove that there was a conspiracy between the attachment creditors, the judgment debtors and the sheriff, to issue the attachment "for the purpose of preventing the collection of plaintiff's judgment." *Held*, that the offer was properly excluded; that the fact that there was a conspiracy to do what the law authorizes did not affect the legality of the act.

It was claimed that as two of the judgments were for costs they were not affected by the attachments, because of the precedence of the attorney's lien. *Held*, that until the lien was asserted by the attorney, who alone was entitled to and could claim it, the judgments were the property of the plaintiff; and that they were to be so considered here, as there was no offer to prove that the attorney had given notice of his claim or had attempted to enforce it.

It was claimed that plaintiff was entitled to a judgment for the surplus of her judgments over the amounts claimed in the attachments. *Held*, untenable; that as the sheriff was required to keep so much of the property as would satisfy the attachment demands, with costs and expenses (Code of Procedure, § 232; Code of Civil Procedure, § 641), he had a right to exercise a reasonable discretion as to the amount so to be retained.

(Argued December 6, 1880; decided December 21, 1880.)

Appeal from judgment of the Superior Court of the city of New York, entered upon an order made April 7, 1879, affirming a judgment in favor of defendant for costs, entered upon a verdict rendered by direction of the court, giving the plaintiff nominal damages.

This action was brought against defendant, as sheriff of the city and county of New York, for alleged neglect to return within the time prescribed three executions in favor of plaintiff, against Henry L. Butler.

Defendant proved that before the time for returning the executions, three attachments in actions against plaintiff — one issued in an action brought by the judgment debtors against her — were placed in his hands, and he, by virtue thereof, attached the judgment debts, and served notice thereof upon the judgment debtors. The actions in which the attachments were issued, it appeared, were still pending and undetermined.

Statement of case.

The further material facts are sufficiently set forth in the opinion.

*Charles Wehle* for appellant.  The sheriff made no valid levy under the three executions. (*Baker* v. *Binninger*, 14 N. Y. 270; 69 id. 546; 8 J. & S. 24; *Riggs* v. *Purcell*, 74 N. Y. 370.) If moneys had been paid or realized under the executions in the sheriff's hands, they were liable to be held under the attachments which were a lien upon the judgments in favor of the plaintiff. (*Wilder* v. *Bailey*, 3 Mass. 289; *Farmers' Bk.* v. *Beatson*, 7 Gill & Johns. 421; *Jones* v. *Jones*, 1 Bland. 443; *Overton* v. *Hill*, 1 Murphy, 49; *Blair* v. *Cantey*, 2 Speers, 34; *Burrell* v. *Letson*, id. 378; 1 Strobhart, 239; *Zurcher* v. *Magee*, 2 Ala. 253; *Pawley* v. *Gains*, 1 Tenn. 208; *Drane* v. *McGavock*, 7 Humph. 132; *Lightener* v. *Steinagel*, 33 Ill. 510; *Marvin* v. *Hawley*, 9 Miss. 382; *Clymer* v. *Willis*, 3 Cal. 363; *Staples* v. *Staples*, 4 Me. 532; *Hill* v. *La Crosse & M. R. R. Co.*, 14 Wis. 291; *Dunlop* v. *Patterson F. Ins. Co.*, 74 N. Y. 145; Drake on Attachments, § 494; *Coppell* v. *Smith*, 4 T. R. 313.) The lien of the attorney for the costs was anterior to any lien obtainable by the attachments, and as to the two judgments the sheriff had no defense whatever, they not being affected by the attachments. (Weeks on Attorneys, §§ 368, 369, 384; *Crotty* v. *Mackenzie*, 25 How. Pr. 54; *Marshall* v. *Weeks*, 51 N. Y. 140; *Pulver* v. *Harris*, 52 id. 73; *Lesher* v. *Resner*, 3 Hun, 217; *Ackerman* v. *Ackerman*, 14 Abb. Pr. 229; *McGregor* v. *Comstock*, 28 N. Y. 237.) Under the circumstances the attaching creditors acquired no rights as the whole of their proceeding was a mere sham and a cover for their attempted fraud. (*Cotes* v. *Roberts*, 4 Rawle, 100.) Judgment debts are not subject of attachment. (*Franklin* v. *Ward*, 3 Mason, 136; *Shinn* v. *Zimmerman*, 3 Zabriskie, 150; Com. Dig., Attachment, D.; *Ross* v. *Clark*, 1 Dall. 354; *Sir John Parrot's Case*, Cro. Eliz. 63; *Kery* v. *Bower*, id. 186; *Coppel* v. *Smith*, 4 T. R. 312; *Grant* v. *Harding*, id. , note; 2 Bac. Abr. 260, "Customs of London," H. 1; *Franklin* v. *Ward*, 3 Mason, 136; *Sharp* v. *Clark*, 2 Mass.

91; *Howell* v. *Freeman*, 3 id. 121; *Prescott* v. *Parker*, 4 id. 170; *Trowbridge* v. *Means*, 5 Ark. 135; *Tunstall* v. *Means*, id. 700; *Norton* v. *Winter*, 1 Or. 47.)

*Almon Goodwin* for respondent. The verdict was rightly directed. (*Wehle* v. *Conner*, 69 N. Y. 546.) Without notice from the attorney no lien attaches for his costs. (*Martin* v. *Hawks*, 15 Johns. 406.) The judgment-roll does not act as such notice. (*Ackerman* v. *Ackerman*, 14 Abb. 229, 234; *Ward* v. *Wadsworth*, 1 E. D. Smith, 548.) The sheriff is not called upon to look behind his process and examine judgment-rolls. (Crocker on Sheriffs, § 283.) Plaintiff could only be allowed to prove a conspiracy upon a distinct averment of that fact. (*Gaspar* v. *Adams*, 28 Barb. 441; *Kilsey* v. *Western*, 2 N. Y. 500; *Atwood* v. *Lynch*, 37 N. Y. Super. Ct. 5, 11; *Connaught* v. *Nichols*, 42 N. Y. 83.) The law does not forbid men to conspire together to do lawful acts, such as issuing attachments to collect their debts; it is only the conspiring to do unlawful acts that is forbidden. (2 Addison on Torts [Dudley & Bangs' ed.], 739, 740; *Place* v. *Munster*, 65 N. Y. 89, 95; *McIntyre* v. *Manlius*, 16 Johns. 500; *Castrique* v. *Behrens*, 30 L. J. Q. B. 163.) The plaintiff has no cause of complaint against the sheriff, because of any indemnity he may have taken to protect himself; and the fact that he has taken an indemnity will not deprive him of the protection of his process. (*Horton* v. *Hendershott*, 1 Hill, 118.) Independently of the general power of the sheriff to attach judgment debts, plaintiff is estopped by her own acts and by the adjudication of a court having jurisdiction of all the parties, from claiming that these particular attachments are not binding upon her and the judgments which she has recovered. (*Butler* v. *Wehle*, 4 Hun, 54; *Dutchess of Kingston's Case*, 2 Smith's Lead. Cas. 424, and notes thereto; *Craig* v. *Ward*, 36 Barb. 377; *S. C.*, 1 Abb. App. Cas. 454; *Chaveley* v. *Lord Dunsang*, 2 Sch. and Lef. 690, 710, 718; *Tuska* v. *O'Brien, Sheriff*, 68 N. Y. 446; *Freer* v. *Stotenbur*, 34 How. Pr. 440; *Glackin* v. *Zeller*, 52 Barb. 147; *Swain* v. *Seaman*, 9 Wall.

254, 274; *Rahway* v. *Graham*, 4 Abb. Pr. 468; *Mays* v. *Fretton*, 20 Wall. 418; *Young* v. *Bushnell*, 8 Bosw. 1; *Brown* v. *Bowen*, 30 N. Y. 519; *Manufacturers & Traders' Bk.* v. *Hazard*, 30 N. Y. 226.)

Finch, J. This case is before us for the third time. On the first appeal we held that the attachments levied upon the plaintiff's judgments were not a defense to the action commenced against the sheriff for not returning the execution within the sixty days. (63 N. Y. 258.) On the second appeal we further decided that the attachments might be given in evidence in mitigation of damages, and while they remained as existing and valid process, the plaintiff could only recover nominal damages. (69 N. Y. 546.) The case has been tried and decided in accordance with that conclusion, and the judgment must be affirmed unless the facts have been materially changed, or some erroneous ruling upon the admission or rejection of evidence has occurred. We have only to consider the case in these respects.

The first ground of difference suggested is that it now appears that the sheriff did not make a valid levy under the execution, whereas our last decision was founded upon proof that he made such levy. There are several answers to this suggestion. The sheriff claims to have made a levy. The facts appear to be that he entered the store of the defendants in the execution, announced to them that he levied upon the stock of goods there present, indorsed a memorandum of the levy upon his execution, and left the goods in charge of Butler, one of the defendants. There was enough in this to make the sheriff liable as a trespasser, if not protected by his process, and quite enough to make him responsible to the parties interested for the value of his levy. (*Connah* v. *Hale*, 23 Wend. 462; *Camp* v. *Chamberlain*, 5 Den. 198; *Barker* v. *Binninger*, 14 N. Y. 270.) It appears further that his action was, at least, sufficient to induce the debtors in the execution to deposit for the sheriff's indemnity an amount of money sufficient for his protection, so that practically he holds the money instead of

the goods. This statement of the facts deprives of all its force the argument founded on the want of a levy, that if he had done his duty the plaintiff would have had something substantial wherewith to pay or discharge the attachments. The necessary amount is provided; it is within the reach of the sheriff, and it came as the result of his levy. But were it otherwise it would not affect the ground of our previous decision or warrant a contrary conclusion. What we then held was that while the attachments remained in force and operative upon the plaintiff's judgment, they were insuperable barriers to her right to receive any thing. She suffers no damages so long as she has no right to receive the fruits of the judgment. It is wholly immaterial whether the sheriff is liable by reason of not having returned the execution, because of a neglect to levy, or on account of the actual collection and receipt of the money. In either event it is only the party entitled to receive the fund who has suffered the actual damage. The sheriff is indeed liable to somebody on one or more of the grounds stated; but that person is not as yet the plaintiff. The reason why the sheriff does not pay is immaterial so long as she is not entitled to receive the pay. She is not harmed by the withholding from any cause of an amount which she has no right to receive. Any other rule would nullify the force and effect of the attachments, and enable her, without vacating process apparently valid, to circumvent it. Our ruling, therefore, went not at all upon the particular form or occasion of the sheriff's liability, but without reference to that and altogether upon the ground that only nominal damages could be claimed by one not entitled as yet to receive any thing from the sheriff.

It is next said to have been proven that upon this same levy $100 had been paid to the sheriff by the attorneys of the judgment debtors which were not levied on under the attachment. This argument admits the levy by the sheriff under his execution, but denies, as to the amount in question, the levy by virtue of the attachments. It does not appear whether this sum was paid before or after they were issued; but that is not material.

If after, the levy upon the judgment held it.   If before, and if it be regarded as the property of the plaintiff, disregarding the sheriff's claim that he received it for his fees, still· it was held by the attachment issued to the sheriff commanding him to "attach and safely keep the property of the plaintiff."   No formal levy or notice was needed where the property was already in his hands.   The attachment fastened it there, and left the plaintiff with no right to receive it.   In the end it is of course to be accounted for to the person or persons properly entitled, but that result cannot be reached until the attachment suits are terminated.   We do not forget the point elaborately and ably argued that the money actually collected and in the sheriff's hands could not be attached.   The cases in Massachusetts ( *Wilder* v. *Bailey*, 3 Mass. 289 ; *Pollard* v. *Ross*, 5 id. 319) are ably argued and have been approved in many of the States. · .But the rule has not been adopted in this State ; was questioned in *Dunlop* v. *Patterson Fire· Ins. Co.* (74 N. Y. 145), and the right to attach a fund in the custody of an officer of the court sustained ; and if adopted by us would graft upon the enactment of the legislature an exception which that body has not seen fit to make.   (Code, § 231.)   Indeed the line of argument adopted in the cases referred to is better adapted to affect the judgment of those who make the laws than that of those whose duty ends with their interpretation.   The same considerations equally affect the further contention that judgment debts are not liable to attachment.   The counsel concedes that they are fairly embraced within the language of the Code (§ 235), but invokes an interpretation founded upon public policy.   It would be a precedent dangerous and unjustifiable if we should assume the right to warp a plain and unambiguous statute to suit our notions of public policy.

A question is raised as to two of the judgments which were rendered for costs on appeals.   It is insisted that they were not affected by the attachments, because of the precedence of the attorney's lien.   But that question is not here.   Until such a lien is asserted by the party entitled to·it the judgments are the property of the plaintiff.   The sheriff could not treat them

otherwise, nor can the court. Without notice of the claim the lien cannot be enforced. (*Martin* v. *Hawks*, 15 Johns. 406; *Ackerman* v. *Ackerman*, 14 Abb. 234; Crocker on Sheriffs, § 283.) There was no offer to prove such notice, nor any attempt to enforce the lien by the party entitled. The attorney only could do it, for with him alone was the right.

The plaintiff offered to prove that " there was a conspiracy between the three attachment creditors and the judgment debtors and the sheriff, by which these attachments should be issued for the purpose of preventing the collection of plaintiff's judgments." The offer was excluded, and we think properly. The learned counsel for the plaintiff argues in support of his offer as if it was an effort to prove the attachments fraudulent and void. No such suggestion was made. The proposition was simply to show a conspiracy to accomplish a perfectly lawful purpose. The attachments *were* issued for the purpose of preventing the collection by plaintiff of her judgments. There can be no dispute about that. It needed no further evidence to settle that question. Such is the very object of the attachment and the precise purpose of the law in permitting it to issue. The sole point of the offer is that the parties conspired to do what the law authorizes. The act is neither better nor worse for the conspiracy. It is said it was a scheme to "nullify a valid process of the court;" but if so it was done by another " valid process of the court;" an event not at all of uncommon occurrence. The authorities cited on behalf of the respondent, though scarcely needed, fully sustain this view of the question. (*McIntyre* v. *Mancius*, 16 Johns. 600; *Place* v. *Minster*, 65 N. Y. 95; 2 Addison on Torts, 740.)

That the judgment debtor was also one of the attaching creditors is a fact pressed upon our attention. It is a fact in the case. The question asked is whether it is allowable. We are unable to see why it is not. The law which permits the issue of such attachment awards it to all creditors who bring themselves within its provisions. By what right can we assume to draw distinctions and withhold the privilege given to all from particular classes or persons? The plaintiff is bent

upon procuring from Butler and his partners a debt which they owe her. They are equally bent upon compelling her to pay a debt which they insist she owes them. Shall we lend to her the power of the law, and withhold it from them? The learned counsel argues that mischief will result because debtors will procure attachments to be levied upon the debts which they owe and are in process of collection. But an attachment in such a case implies a debt due from the plaintiff in the judgment attached which can serve as the basis of its issue. If such a debt is due the remedy works no wrong. If it is not due, the plaintiff has ample opportunity to resist it in the courts.

It is finally said that the surplus of the three judgments over and above the amounts claimed in the attachments should have been awarded to the plaintiff. We may suppose, but cannot know, that there will be such surplus. How long the attachment suits will continue before a final determination; how much of interest and costs will accumulate upon the debt, it is impossible to foresee. It is a sufficient answer, however, to say that by the attachments the sheriff is required to safely keep so much of the property as will satisfy the attachment demands with costs and expenses. (Code, § 232; new Code, § 641.) He has the right to a reasonable judgment as to the amount to be so held. He is responsible to both parties for the exercise of a sound and reasonable discretion in performing his duty. The plaintiff has no authority to dictate the extent of the levy, any more than the defendant has to limit it. (*Fitzgerald* v. *Blake*, 42 Barb. 513.) There is, therefore, no ground upon which the claim can be rested of a right to recover in this action a supposed or probable surplus.

It does not occur to us that any serious questions raised on the argument remain to be considered. We are unable to see that the case is materially changed from its situation at the time of our former decision.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.