IN THE MATTER OF THE ASSIGNMENT OF HERMAN F. GILBERT *et al.*, FOR THE BENEFIT OF CREDITORS.

(Decided February 7th, 1881.)

The provision of the general assignment act of 1877 (L. 1877, c. 466, § 4), for authorizing the assignee to advertise for creditors to present their claims, does not make the publication of such an advertisement the sole

---

* The judgment entered upon this decision was affirmed by the court of appeals February 1st, 1881 (see 84 N. Y. 28).

and exclusive method of notifying creditors to present proofs of their claims to the assignee. The service by advertisement was merely designed to be auxiliary to, and not a substitute for other known methods of service; and this court may, therefore, properly require (as by Rule 31 of Rules with Regard to Insolvent Assignments, Dec. 12, 1878), that, in addition to such advertisement, a copy of the notice or advertisement to present claims must be mailed to each creditor whose name appears on the books of the assignor, unless personal service be made.

APPEAL from an order of this court denying the application of an assignee for benefit of creditors for a reference to take and state the account of his proceedings, and to take proof and report as to what persons were entitled to share in the distribution of the assigned estate.

The application was made by the assignee, upon proof of publication of advertisement of a notice to creditors to present their claims, pursuant to an order duly made, but without proof that copies of such notice or advertisement had been mailed to the creditors whose names appeared on the books of the assignor, as required by Rule 31 of the Rules of this court with Regard to Insolvent Assignments. No one appeared to oppose, but the application was denied; and from the order thereon entered the assignee appealed.

*A. A. Abbott*, for the appellant.

VAN HOESEN, J.—Section 4 of the general assignment act does not make the publication of an advertisement in the newspapers the sole and exclusive method of notifying creditors to present proof of their claims to the assignee. That section provides that the county judge *may*, upon petition of the assignee, authorize him to advertise, &c., &c. There are cases in which the word *may* is interpreted to mean *must*, but such an interpretation is not usually given to a statute regulating the practice of the courts. Thus, it is settled that though the Code declares that the court *may* grant an injunction, an attachment or an order of arrest, it is discretionary with the court to withhold any of those remedies (68 N. Y. 341), though the general rule of construction is that where a public officer has been

clothed by statute with power to do an act which concerns the public interest or the rights of third persons, the execution of the power may be insisted on as a duty, though the phraseology of the statute be permissive merely, and not mandatory (51 N. Y. 407).  It is, therefore, discretionary with the court to grant or to refuse an order to advertise.  The section I have referred to gives the court power to authorize the assignee to advertise—a power the exercise of which it was supposed might properly supplement the ordinary methods of giving notice.  Had that section not been enacted, the assignee might have been compelled to give personal notice to each creditor,—a task frequently difficult, and sometimes almost, if not absolutely, impossible of performance,—or else make what is called written service, a service made either by post, or by the hand of a messenger who leaves a copy of the notice at the residence of the person to be notified.  This mode of notification is, in some cases, recognized by the law.  But, as I have already said, service by advertisement was merely designed to be auxiliary to, and not a substitute for other known methods of service.  Were this not so, the service of the notice personally upon a creditor would be invalid ; a consequence which the appellant would scarcely insist upon.

Where there are several methods of notifying creditors, it is for the court to decide which should be employed.  In many cases, the publication of an advertisement in the English language would answer no purpose whatever, for it is well known that there are classes of small dealers who do not read English, and do not take newspapers.  It certainly is right to require that the notice to such persons should be served either personally or by mail.  On the other hand, there are in many instances creditors whose names do not appear in the books of the assignor, and the best means of reaching them is by an advertisement.  It may be inefficacious, but it is the best attainable method.  Influenced by these considerations, this court has determined, and has made a rule, that the assignee shall employ the ordinary vehicles of notification, and publish an advertisement for the benefit of those whose names do not appear upon the assignor's books, and at the same time mail a

copy of the notice to present claims to every creditor whose name is found in those books. The statute does not make it obligatory upon the assignee to apply for leave to advertise, though it has been, and will be, our practice, to require an advertisement; because some notice should be given to creditors whose names may not appear on the assignor's books.

It is said that it has not been the practice of the surrogates' courts to require notices to present claims to be sent by mail by the administrator. That proves nothing. This court, without any infraction of law, might content itself with ordering an advertisement to be published; but that it may take other precautions to insure notice to creditors, seems to us to be beyond question. The order appealed from should be affirmed.

LARREMORE and J. F. DALY, JJ., concurred.

Order affirmed.