CHARLES W. TROTTER

v.

THE LEHIGH ZINC AND IRON CO., LIMITED, et al.

Money which became due to a party under a contract during the progress of a suit in this court was ordered paid into court to await the further order of the court—*Held*, that the party in whose behalf such money was paid has such a right or interest therein as may be attached.

On petition.

*Mr. C. D. Thompson* and *Mr. H. C. Pitney*, for petitioner.

*Messrs. C. & R. Wayne Parker*, for respondents.

BIRD, V. C.

There was a contract between the complainant and Heckscher, which the latter assigned to the above-named company. By such contract Trotter agreed to mine and furnish ores, containing a certain quantity of the oxide of zinc, at prices stipulated. The bill in this case was filed to determine the rights of the parties with respect to certain disputed points under the contract.

At the beginning of the controversy a manager was appointed, under whose direction the mine has been wrought, and the ores shipped to the company. Under a claim for damages set up in the answer and cross-bill of the defendants, and upon the insist-

ment that Trotter was a nonresident of the state, and also insolvent, the whole consideration money due for ores delivered, from time to time, less $3,000 (which was applied to the working of the mine), was ordered to be paid into court as it became due; so that in case the defendants should establish a right in this court to set off any claim which they might have for damages, they could have this particular fund to satisfy such set-off, in case there should be any decree of a pecuniary nature in favor of the complainant. This court decided that the defendant had not the right to make such set-off; but as it was a matter of great importance to both parties, an order was made directing the retention of the moneys in this court until the questions involved should be determined on appeal, in case an appeal should be taken to the court of last resort. There was an appeal, and the appellate tribunal held that the defendants were not entitled to such set-off.

By this time the amount of money paid into court exceeded $50,000. Heckscher, claiming to have a right of action against Trotter and Trotter still residing out of this state, procured an attachment to be issued out of the supreme court of this state against Trotter, which was served by levying upon all the goods and chattels of Trotter, and also upon whatever rights and credits he might have in these moneys so deposited with the clerk of this court.

Now Heckscher comes, by his petition, and asks the aid of this court in the premises. He states the case, and prays that the moneys so attached may be retained in this court, to be applied to the satisfaction of any judgment which he may obtain against Trotter under his proceedings in attachment.

Trotter resists, and insists that these moneys cannot be attached, nor any right or interest of his therein. This is placed upon the ground that the money is in the custody of the law, awaiting the execution of the law. The law upon this subject is well settled in New Jersey. There is no judgment to be enforced in this case. The money was paid into court, or to the clerk, as the money of Trotter, and it has been retained there ever since as his money. This being so, I think there is no doubt but that

the rights and interests of Trotter therein are subject to attachment.. A reference to the authorities will suffice. *Conover* v. *Ruckman, 6 Stew. Eq. 303*, in which all the cases in New Jersey are reviewed and commented upon by the court of errors and appeals. See, also, further, and apt illustrations of the doctrine pronounced in the above case, in the cases of *Wehle* v. *Conner, 83 N. Y. 231*, and *Dunlop* v. *Paterson Fire Insurance Company, 74 N. Y. 145*.

· I will advise an order in accordance with the prayer of the petition; but subject, however, to the rights and equities of the parties to the original suit.