McAdam, C. J.
—The order appealed from is based on the erroneous assumption that the trust company held property *664 of the judgment-debtor which on being turned over to the1 receiver might be made available to the payment of the plaintiff’s judgment. The bonds held by the trust company were personal obligations of the defendant, and until negotiated and passed away into the hands of holders for value do not constitute property. Like debts owing by individuals these bonds are not property of the debtor in any sense; they are obligations of the latter, and only possess value in the hands of creditors. With them they are property. To call the bonds of the defendant held by its trustee or agent in escrow or for negotiation, property of the .corporation issuing them, is simply a misuse of terms. State tax on Foreign Bonds, 15 Wall., 300. Bdnds executed by a railroad company and in the hands of its agents, to be negotiated for its use, dp not come under any classification of property as defined by the Code, and cannot be seized on attachment, execution or other process against the corporation. Coddington v. Gilbert. 5 Duer, 72; S. C., 2 Abb. Pr., 242, affirmed 17 N. Y., 489.
Such bonds occupy the same position as an undelivered note of an individual executed for the purpose of borrowing money, and no one would seriously claim that if A. made his promissory note or bond for $100,000 and put it in his-pocket or in the hands of his agent for negotiation, that it at once became property liable to seizure by his creditors, or that the maker immediately became worth the face value of the obligation or the possessor of that amount of money. Such a contention would be absurd. When negotiated, however, the obligation receives a legal inception and becomes for the first time property in the hands of the individual who gives value for it. It is an asset in his hands;, but in the hands of the maker or his agent prior to negotiation, the document is a mere unperformed and unenforceable promise and, in a pecuniary sense, worthless. It becomes unnecessary, therefore, for us to determine whether Campbell or any other person has any claim to the bonds or whether such claim was substantially disputed or not. It is sufficient to hold that the trust company had riot in its; possession belonging to the judgment debtor anything falling within the legal definition of property, and that it was consequently error to appoint a receiver of the defendant, or to direct the trust company to deliver over the bonds in its possession. This objection being fatal to the order, it becomes unnecessary to consider another, not raised on the argument, but appearing on the face of the papers, to wit, that the foreign corporation defendant had a place for the; regular transaction of business in the city of Hew York and, therefore, comes under the provisions of section 2463 of the Code (as amended in 1886), which provides that the article *665 in regard to supplementary proceedings, “does not apply where the judgment debtor is a corporation created by or under the laws of this state, or a foreign corporation specified in section 1812,” and the defendant having an agency-in the city of New York, is within the cases specified in that section (1812). It follows, therefore, that the order appealed from must be reversed, with costs.
Nehrbas, J., concurs.