■ In the Matter of the General Assignment for the Benefit of Creditors of ALCOR, INC., to MICHAEL J. BALANOFF, Respondent. TELEMATION, INC., Appellant.— Appeal from an order of the Supreme Court at Special Term, entered May 21, 1973 in Tompkins County. During the period in question Alcor, Inc., carried on a business of selling and manufacturing electronic equipment in Ithaca, New York. Between January 24, 1972 and November 9, 1972 some 16 judgments totaling $42,706.08 were obtained against Alcor, Inc., by various judgment creditors, including appellant, Telemation, Inc. The latter's judgment was obtained on June 22, 1972, and on November 10, 1972 appellant delivered a property execution to the Tompkins County Sheriff. On November 20, 1972 Alcor, Inc., executed a general assignment for the benefit of creditors to respondent Balanoff. Thereafter, by court order, the Sheriff was restrained from levying against the property assigned to respondent, and at the same time respondent was authorized to sell the assets at public auction for the benefit of creditors. Appellant then sought to have the full amount of its judgment paid by the assignee out of the proceeds of the liquidation sale. Special Term determined that appellant had not demonstrated a right to priority status and denied the relief requested. This appeal ensued. Appellant contends that there was a proper seizure of the property in question by the Sheriff prior to the assignment to respondent and, consequently, its rights are superior to all other creditors, including judgment-creditors who had not delivered a valid execution to the Sheriff. Respondent, on the other hand, contends that the Sheriff's levy was ineffective and, in any event, appellant has failed to establish priority over other judgment creditors. It is conceded that if there were a proper levy and appellant was first in line, it has rights superior to those of respondent, an assignee for creditors. The record reveals that on November 14, 1972 a Deputy Sheriff visited Alcor's place of business, padlocked the premises and posted notice that the property within had been taken into custody. This, in our view, constituted a valid levy. (*Wehle* v. *Conner,* 83 N. Y. 231; *Roth* v. *Wells,* 29 N. Y. 471.) While appellant has established that its rights are superior to respondent, this does not, however, entitle appellant to have its judgment satisfied out of the proceeds of the sale without regard to other judgment creditors whose rights may be superior by virtue of prior executions (CPLR 5234). The appellant has not demonstrated on this record that its rights are superior to all other judgment creditors. The order, therefore, must be reversed and the matter remitted. Order reversed, on the law and the facts, and matter remitted to Special Term for further proceedings not inconsistent herewith, with costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Reynolds, JJ., concur.