CODDINGTON *v.* GILBERT and others.

The bonds of a foreign corporation, in the hands of an agent for the purpose of sale, are not property liable to seizure under an attachment against such corporation.

APPEAL from the Superior Court of New-York city. The action was brought against the defendants. under section 237, sub. 3 of the Code, for willfully withholding from the sheriff certain bonds alleged to have been liable to sale on execution, issued upon a judgment recovered by the plaintiff in a suit commenced by attachment against a foreign corporation. On the trial it was proved that the Maysville and Lexington Railroad Company had executed some two hundred and eighty-two bonds of $1,000 each, and delivered them to the defendants, with authority to sell a sufficient number of them to pay themselves some $60,000, which they had advanced for the company. The bonds were guaranteed by the city of Maysville, and in part by the Louisville and Frankfort Railroad Company. The plaintiff

procured an attachment to be issued against the company, and the officer served it upon the defendants. After such service the company paid to the defendants the amount which they had advanced, and thereupon the defendants redelivered to them their bonds. The plaintiff had a verdict subject to the opinion of the court at general term, where judgment was rendered for the defendants, and the plaintiff appealed to this court. The cause was submitted on printed arguments.

*S. P. Nash*, for the appellant.

*James Thomson*, for the respondents.

PRATT, J. The bonds of the railroad company in the hands of its agents were in no sense property of the company, liable to be seized under attachment or execution. They were deposited with the defendants to be delivered to such persons as should be willing to lend money to the company and take them as security for its repayment. The fact that they were executed by a corporation, and for the purpose of being sold in the stock market to the highest bidder, does not alter the character of the instruments or the nature of the transaction. It is only another form of borrowing money; and if it was contemplated that they should be sold at less than par, it would only be the very common case, in these times, of borrowing at a usurious premium. The bonds, until delivered, had no more validity than the undelivered note of an individual, made for the same purpose. They could acquire no validity until delivered by the company or with its assent. The law has made no provision for compelling either the execution or delivery of pecuniary obligations by a debtor to his creditor in this manner. The sheriff, with the requisite legal process, may seize the property of corporations or individuals, and sell the same to satisfy judgments against them; but the law has

not, even through the aid of the Code, clothed him with power to execute obligations for those against whom he holds process, or to deliver for them obligations which they may have executed but not delivered. If these had been the simple notes or bonds of an individual, intrusted to his agent for a similar purpose, no such experiment would probably have been tried. But they are no more liable to be seized, upon attachment or execution, in consequence of having been made by a railroad company or other corporation. Until delivered by the company they were worthless and in no sense property.

The judgment must be affirmed.

All the judges concurring,

Judgment affirmed.