DANIEL PRATT AND OTHERS, EXECUTORS, ETC., RESPONDENTS, *v.* EDGAR MUNSON, APPELLANT, AND THE FARMERS' LOAN AND TRUST COMPANY.

ANDREW BEERS, RESPONDENT, *v.* THE SAME, APPELLANT.

HENRY C. HARPENDING, RESPONDENT, *v.* THE SAME, APPELLANT.

WILLIAM T. HAMILTON, RESPONDENT, *v.* THE SAME, APPELLANT.

*1853, chapter 502 — meaning of " capital stock " in section 2 thereof.*

Section 2 of chapter 502 of 1853 authorizes a stockholder of any railroad or plank-road company, which has been sold on foreclosure, to acquire the same relative interest in the road so sold as he before had, upon paying to the purchasers a sum, equal to such proportion of the price paid on such sale, and the costs and expenses thereof, as such stockholder's stock in such company shall bear to the whole capital stock in said company.

*Held,* that the term " the whole capital stock " means the capital stock actually subscribed for and issued, and not the amount named in the articles of association.

APPEAL from a judgment in favor of the plaintiff, entered on the trial of this action at a Special Term.

This action was brought by a stockholder of the Sodus Bay and Corning Railroad Company, to redeem his interest in said company from a sale upon foreclosure of a mortgage, given by said company to the Farmers' Loan and Trust Company as trustee for the holders of the bonds of said company, under chapter 502 of the act of 1853. The plaintiff was the owner of one share of the capital stock of said company, which capital stock was stated in the articles of organization at $1,500,000 or 15,000 shares at $100 each. In fact only 3,640 shares of $100 each had been issued, amounting in all to $364,000. Within six months after foreclosure and sale the plaintiff caused to be tendered to the Farmers' Loan and Trust Company $4.50, it being one fifteen-thousandth part of $59,500, the amount for which said premises

and property described in said mortgage was sold upon said fore-closure, with the costs. The defence interposed was : 1. That said act of 1853 was no longer in force, it having been repealed by subsequent legislation. 2. The act itself was unconstitutional. 3. The tender was not sufficient.

*B. W. Huntington*, for the appellant Munson.

*D. Pratt*, for the respondents, D. Pratt and others, executors.

*Charles A. Baker*, for the respondent Harpending.

*Turner, Lee & McClure*, for The Farmers' Loan and Trust Co.

HARDIN, J.:

Assuming (without deciding) that the act of 1853, chapter 502, is unrepealed and constitutional, we have come to the conclusion that the second section, in terms, requires the redeeming stock-holder to pay to the purchaser or mortgagees " a sum equal to such proportion of the price paid on such sale and the costs and expenses thereof, *as such stockholder's stock* in said company shall bear to the whole capital stock of said company," which has been actually subscribed for and issued.

That is the " whole capital stock " of said company within the meaning of the Legislature, and the question seems to be settled by the case of the *Greenpoint Sugar Co.* v. *Whitin* (69 N. Y., 338; *Fisk* v. *Chicago R. I. and P. R. R. Co.*, 36 How., 22; *Coddington* v. *Gilbert*, 17 N. Y., 489; *Von Keller* v. *Schulting*, 50 id., 108). Under this construction the amounts tendered were insufficient ; the tenders were refused by the Farmers' Loan and Trust Company. There is no averment in the complaint that the trust company or Munson waived any further tender in any manner, nor is there any proof of any express waiver. Inasmuch as the stockholder seeks to become a purchaser " of the same relative amount of stock or interest in said railroad " as was formerly owned by him in the road, and its franchises and other property, he should tender or pay the amount required by the act before he is entitled to succeed as a purchaser.

The condition of the statute was not satisfied, and the stockholder, therefore, cannot in pursuance of its terms acquire an *interest* in the road and franchises and other property which passed under the foreclosure sale by purchase to Munson.

There was no duty on the part of the trust company or Munson to accept the money ; the tender being insufficient the stockholder failed to comply with the statute, and, therefore, cannot compel a conveyance to him. (*Baltzen* v. *Nicolay*, 53 N. Y., 471.)

The views above expressed lead us to reverse the judgment and to award a new trial, with costs to abide the event.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event in each of these four cases.