FRANCIS D. BAILEY, Respondent, *v.* THE COUNTY OF BUCHANAN, etc., Appellant.

Where past-due interest coupons of railroad mortgage bonds have been detached from the bonds, but are still in the hands of the owner thereof, and by the terms of the bonds the obligor has the option to redeem them, a tender, in exercise of the option, of payment of the bonds and accrued interest, on condition that said coupons and the bonds be surrendered, is valid and will stop the running of interest after the date thereof.

While such coupons, when detached from the bonds and negotiated, are for many purposes to be considered as independent separate instruments, until negotiated or used in some way, and while in the hands of the owner of the bonds they remain mere incidents thereof, having no other or greater effect than the stipulation for the payment of interest contained in the bonds.

One liable to pay money secured by a written instrument has the right, as a condition of tender and payment, to demand a surrender of the instrument.

*Bailey* v. *County of Buchanan* (22 J. & S. 237) reversed.

(Argued June 11, 1889; decided October 8, 1889.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made February 14, 1887, which reversed a judgment of the Special Term and granted a new trial.

This action was brought to recover the amount of ten coupons for the payment of $50, each representing the semi-annual interest to become . due January 1, 1884, on ten bonds issued by the defendant, dated July 1, 1869.

The material facts are stated in the opinion.

*James W. Perry* for appellant.   The coupons in suit, detached from the bonds, did not become thereby independent obligations of the defendant while in the hands of the owner of the bonds. (*McClelland* v. *N. S. R. R. Co.*, 110 N. Y. 469; *City* v. *Lamson*, 9 Wall. 477, 483; *McClure* v. *Township of Oxford*, 94 U. S. [4 Otto] 429; 4 Myers' Fed. Dec. § 1401; *Chouteau* v. *Allen*, 70 Mo. 339, 340.)   The plaintiff, the assignee of said coupons, has no greater or better rights than his assignor, who was the owner and holder thereof at the time of the redemption thereof, and, therefore, cannot recover. (*McClure* v. *Oxford*, 95 U. S. 429; Dillon on Municipal Cor. § 486; *Ketcham* v. *Duncan*, 96 U. S. 659; *Morgan* v. *U. S.*, 113 U. S. 497.)   The defendant made a lawful tender of the full amount due for principal and interest on the bonds and coupons, on August 1, 1883, and no interest thereafter accrued. (*Hill* v. *Place*, 48 N. Y. 523; *Locklin* v. *Moore*, 57 id. 362; *Caldwell* v. *Cassidy*, 8 Cow. 271; *Walcott* v. *Van Sanvoort*, 17 Johns. 248.)

*Henry Parsons* for respondent.   Coupons attached to corporation bonds, when payable to bearer, are negotiable promises to pay, and are subject to the same rules as other negotiable instruments. (Field on Corporations, § 256; *Clark* v. *Iowa City*, 20 Wall. 583; *Murray* v. *Lardner*, 2 id. 110;

*City* v. *Lamson*, 9 id. 477; *City of Lexington* v. *Butler*, 14 id. 298; *Spooner* v. *Holmes*, 102 Mass. 507; *Evertson* v. *Nat. Bk. of Newport*, 66 N. Y. 14; *Nat. Ex. Bank* v. *H. & F. R. R. Co.*, 8 R. I. 375; *Amy* v. *Dubuque*, 98 U. S. 470.) A matured coupon becomes, by operation of law, a several and independent obligation of the maker, earning interest, and against which the statute of limitations begins to run from maturity. While partaking of the nature of the bond, making it equally high as a security, and secured by the same lien as the bond, it has ceased to be an incident of the bond, and is no more a part of the same debt as the bond than is another bond of the same issue. (*Huey* v. *Macon Co.*, 35 Fed. Rep. 481; *Amy* v. *Dubuque*, 98 U. S. 470; *Griffin* v. *Macon Co.*, 36 Fed. Rep. 885, 887; *Clark* v. *Iowa City*, 20 Wall. 583; *City* v. *Lamson*, 9 id. 482; *City* v. *Butler*, 14 id. 296.) It was necessary for the defendants, in order to avail themselves of the option reserved in said bonds, and stop the running of interest thereon, to tender payment of the full amount due on each bond. (2 Bouv. Law Dict. 575; 2 Greenl. on Ev. § 606; *Tuthill* v. *Morris*, 81 N. Y. 94; 5 Abb. Dig. 706, 714.)

EARL, J. The defendant, on the 1st day of July, 1869, made and issued a large number of bonds, each for the payment to the St. Louis & St. Joseph Railroad Company, or bearer, of $1,000, on the 1st day of July, 1889, with interest payable semi-annually, at the rate of ten per cent per annum, on presentation of the coupons thereto attached at the Bank of America, in the city of New York, with the right, however, at the option of the defendant, to redeem the bonds at any time after ten years from their date. Some time prior to the 1st day of July, 1883, the plaintiff's assignee became the owner of ten of such bonds, with the unmatured coupons thereto attached, and on the 1st day of July, 1883, he detached the coupons falling due on and prior to that day and presented them for payment, and they were not paid. Subsequently, on the 7th day of July, 1883, the defendant duly exercised its option to redeem the bonds, and in the same month deposited

the money in the Bank of America for their payment, and notified him that the money was there for the payment of the bonds and the interest thereon to August first, and that it was ready to pay the bonds and all the interest to that date upon the surrender of the bonds and the coupons. The holder was willing to take payment of the bonds and the interest thereon to August first, and to surrender the bonds and unmatured coupons. But he did not present for payment, and was unwilling to surrender the past-due coupons. Subsequently the defendant paid the bonds and the coupons falling due on and prior to July first, and after January 1, 1884, the holder transferred the coupons falling due January first, to the plaintiff, who then commenced this action to recover the amount due thereon. At the trial term the court held that the tender of payment made in July, 1883, was sufficient to stop the running of interest upon the bonds, and that the plaintiff could only recover the interest for the month of July. Upon appeal by the plaintiff to the General Term, the court reversed the judgment, holding that the defendant had not the right at the time of such tender, as a condition of payment, to demand the surrender of the coupons then past due, and that, therefore, the tender was not good, and that the plaintiff was entitled to recover the full amount of interest falling due January first, as if no tender had been made.

The plaintiff took the coupons after their maturity and with notice of the facts affecting them in the hands of his assignor, and hence his position for the maintenance of this action is no better than would have been occupied by his assignor if he had brought the action.

The sole question for our determination, then, is whether the defendant could, as a condition of its tender and payment in July, 1883, rightfully demand the surrender of the bonds and all the coupons then held by the assignor of the plaintiff. It was held at the General Term that the coupons past due and detached from the bonds at the time of the tender were independent negotiable instruments, and that the defendant, therefore, had no right to demand their surrender for pay-

ment as a condition of the payment of the bonds, and that the tender was not good because it was not an unqualified offer to pay the bonds and the interest thereon for the month of July. We are of opinion that the learned General Term fell into error. It is true that past-due coupons, payable to bearer, when detached from the bonds, are for many purposes independent, separate instruments. They may be negotiated and may be sued upon by the holder without the production of the bonds. (*Murray* v. *Lardner*, 2 Wall. 110; *Kenoshea* v. *Lamson*, 9 id. 477; *City of Lexington* v. *Butler*, 14 id. 296; *Clark* v. *Iowa City*, 20 id. 583; *Amy* v. *Dubuque*, 98 U. S. 470; *Evertsen* v. *National Bank*, 66 N. Y. 14; *McClelland* v. *Norfolk Southern R. R. Co.*, 110 id. 469.) But the coupons, nevertheless, always have some relation to the bonds. Their force and effect and character may be determined by reference to the bonds. They are secured by the same mortgage, and, although unsealed, are specialties like the bonds and are governed by the same statute of limitations which is applicable to the bonds. Until negotiated or used in some way they serve no independent purpose; and while they are in the hands of the holder they remain mere incidents of the bonds, and have no greater or other force or effect than the stipulation for the payment of interest contained in the bonds; and while they remain in the ownership and possession of the owner and holder of the bonds, it can make no difference whether they are attached to or detached from the bonds, as they are then mere evidences of the indebtedness for the interest stipulated in the bonds.

It is not disputed that one liable to pay money secured by a written instrument has the right, as the condition of tender and payment, to demand the surrender of the instrument which is the evidence of his debt; and thus, if the coupons which had matured on the 1st of July, 1883, had remained attached to the bonds, the defendant would have had the undeniable right to demand, as a condition of the payment, the surrender of the bonds and all the coupons. It could not have been obliged to make payment of a part of its debt,

leaving a portion thereof unpaid, and to be discharged by an independent transaction. It is a reasonable and convenient rule to hold that the defendant, at the time of its tender, owed the plaintiff's assignor upon each bond but one debt, and that was the amount of the bond with the interest thereon. Its obligation would have been precisely the same if no coupons had been executed. It had the right to tender the payment of the entire debt and to demand the surrender of all the securities by which it was evidenced. The tender was, therefore, sufficient, and stopped the running of interest.

The order of the General Term should, therefore, be reversed, and judgment of the trial term affirmed, with costs.

All concur.

Order reversed and judgment affirmed.