Isaac Hoag, Appellant and Respondent, *v.* Town of Green-
wich, Appellant and Respondent.

Under the provision of the Town Bonding Act of 1869 (Chap. 907, Laws
of 1869), giving to the judgment of a county judge authorizing the
bonding of a town and the record thereof, "the same force and effect as
other judgments and records in courts of record in this state," the usual
legal presumption attending adjudications of courts of record attach to
such a judgment, and the burden of proving a lack of jurisdiction in
the county judge rests upon a party asserting it.

Bonds issued by a town in pursuance of said act, being simply its promise
to pay, could not be sold by it; they acquired no vitality as securities
capable of a sale until they had obtained a valid inception in the hands
of the first holder, and the consideration described as paid by him was
simply a loan of the sum specified to the town.

Commissioners duly appointed pursuant to said act became by force of
the judgment of the county judge the agents of the town, authorized
to borrow the sum specified but restricted as to the terms of credit.

*Gould* v. *Town of Sterling* (23 N. Y. 456); *Horton* v. *Town of Thompson* (71
N. Y. 513), distinguished.

Where commissioners appointed under said act issued bonds of the town
payable in twenty years instead of for thirty as required by the act,
*held*, that the bonds were void as such; but that, as the commissioners
had authority to borrow the money which the bonds were meant to
secure, they by doing so bound the town to repay it; and it appearing
that the parties, both borrower and lender, acted in good faith and with
the intention to comply with the statute, that a promise on the part of
the town to repay the loan at the time and in the manner prescribed by
the statute would be implied, and an action thereon against the town
was maintainable.

*Potter* v. *Town of Greenwich* (92 N. Y. 663), distinguished.

Certain of the bonds by their terms made payable in twenty years, were
issued after the passage of the act of 1871 (Chap. 925, Laws of 1871),
which requires (§ 6) bonds to be made payable in not to exceed thirty
years, and that not more than ten per cent of the total authorized debt
shall be made payable in any one year. *Held*, that said bonds were
valid and enforceable.

The action was brought to recover and judgment was rendered for the
unpaid interest on the bonds. An extra allowance was granted com-
puted upon the amount of the bonds. *Held*, error; that it should have
been computed upon the interest recovered.

(Argued March 10, 1892; decided April 19, 1892.)

CROSS-APPEALS from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made October 1, 1891, which affirmed a judgment entered upon a decision of the court on trial at Special Term.

This action was brought upon certain bonds issued by the defendant in aid of the Greenwich and Johnsonville Railroad Company under the Town Bonding Acts, and for moneys said to have been loaned by plaintiff to defendant pursuant to said acts.

The facts, so far as material, are stated in the opinion.

*D. M. Westfall* for plaintiff.   Plaintiff is entitled to recover as for money loaned, or for money had and received, all the moneys originally paid for the four bonds held to be void, and for all moneys paid for any others of the bonds that may for any reason be held to be void.   (92 N. Y. 662; Code Civ. Pro. § 1317; Laws of 1869, chap. 340; *D. D. Bank* v. *A. L. I. & T. Co.*, 3 N. Y. 365, 368; *Schermerhorn* v. *Talman*, 14 id. 116, 117; *Coddington* v. *Gilbert*, 17 id. 289; *Eastman* v. *Shaw*, 65 id. 524, 527, 528, 530; *Ahern* v. *Goodspeed*, 72 id. 108; *Brownell* v. *Greenwich*, 114 id. 526; *Town of Solon* v. *W. S. Bank*, 35 Hun, 1; *Louisiana* v. *Wood*, 102 U. S. 294; *Gould* v. *Town of Oneonta*, 71 N. Y. 298; *Chapman* v. *City of Brooklyn*, 40 id. 380, 382; *Newman* v. *Bd. Suprs.*, 45 id. 687, 688; *Hathaway* v. *Town of Cincinnatus*, 62 id. 447; *Nelson* v. *Mayor, etc.*, 63 id. 544; *Horn* v. *Town of New Lots*, 83 id. 106, 107; *Gouse* v. *City of Clarksville*, 1 McC. 78; *Shirk* v. *Pulaski County*, 4 Dill. 209; *Draper* v. *Springport*, 104 U. S. 501; *Allen* v. *Intendant, etc.*, 42 Alb. L. J. 287.) It is competent for the court to affirm the judgment as to the twenty-six bonds adjudged valid, and to reverse and correct it as to the other four, and allow a recovery thereon as for money had and received, without ordering a new trial.   (Code Civ. Pro. § 1317; *Price* v. *Price*, 33 Hun, 76, 432; *Hawley* v. *Crome*, 19 N. Y. S. R. 828; *Conroy* v. *Campbell*, 13 J. & S. 326; *Hannay* v. *Pell*, 3 E. D. Smith, 432; *Clements* v. *Griswold*, 46 Hun, 378, 383; *Goodsell* v. *W. U. T. Co.*, 109 N. Y.

148, 151, 152; *King* v. *Barnes,* 109 id. 268, 282, 283; *Wright* v. *Nostrand,* 98 id. 669; *Wood* v. *Baker,* 60 Hun, 344–346; *Wood* v. *Board of Suprs.,* 30 N. Y. S. R. 706.) As to the void bonds, if the plaintiff cannot otherwise recover, equity demands a reformation of the bonds, or the issuing of new and proper bonds. (*Pitcher* v. *T. P. R. Co.,* 10 Barb. 437.; *Lansing* v. *Carpenter,* 48 N. Y. 412; *Pitcher* v. *Hennessey,* 48 id. 416, 424; *Stedwell* v. *Anderson,* 21 Conn. 139.) So far as the judgment below holds the bonds issued after May 12, 1879, to be valid, it should be affirmed. (*Brownell* v. *Greenwich,* 44 Hun, 611; 114 N. Y. 518; Laws of 1869, chap. 907, § 2; Laws of 1871, chap. 925, § 2; Laws of 1873, chap. 720; *Bunstead* v. *Read,* 31 Barb. 668; *Shelden* v. *Wright,* 5 N. Y. 514; *Dyckman* v. *Mayor,* 5 id. 440; *Skinnion* v. *Kelly,* 18 id. 356; *Porter* v. *Purdy,* 29 id. 110; *Ferguson* v. *Crawford,* 70 id. 265; *Roderigas* v. *E. R. S. Inst.,* 63 id. 464; *Horton* v. *Town of Thompson,* 71 id. 513; *Cagwin* v. *Town of Hancock,* 84 id. 532; *Town of Thompson* v. *Perine,* 23 Alb. L. J. 505; 103 U. S. 806; *Bd. Suprs.* v. *Schenck,* 5 Wall. 772; *State ex rel. Ross* v. *Anderson,* 8 Baxter, 249; *Whitney* v. *Town of Potter,* 18 Blatchf. 165; *Pendleton Co.* v. *Amy,* 13 Wall. 297; *Commissioners* v. *January,* 4 Otto, 202; *Irwin* v. *Town of Ontario,* 18 Blatchf. 259; *S. M. Co.* v. *City of Elizabeth,* 42 N. J. L. 235, 257; *Rock Creek* v. *Strong,* 96 U. S. 271; *Oregon* v. *Jennings,* 119 id. 74; *Seymour* v. *Van Slyck,* 8 Wend. 403, 414; *People* v. *Snyder,* 41 N. Y. 397, 402; 2 Greenl. on Ev. § 297; *Van Rensselaer* v. *Veckey,* 3 Lans. 59; *Elsey* v. *Metcalf,* 1 Den. 323, 326; Edw. on Bills [2d ed.], 175; *Cattin* v. *Gunter,* 11 N. Y. 368, 371; *Lansing* v. *Gayne,* 2 Johns. 301; *Marvin* v. *McCullum,* 20 Johns. 229; *Coddington* v. *Gilbert,* 17 N. Y. 489; *Eastman* v. *Shaw,* 65 id. 527, 529; *Ahern* v. *Goodspeed,* 72 id. 108; *S. S. Bank* v. *Town of Seneca Falls,* 86 id. 317; *Stoney* v. *A. L. Ins. Co.,* 11 Paige, 635, 637; *N. R. Bank* v. *Amer,* 3 Hill, 270; *M. Bank* v. *N. Y. & N. H. R. R. Co.,* 13 N. Y. 611, 625; *F. & M. Bank* v. *B. & D. Bank,* 16 id. 129, 134, 135; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 34 id. 30; *Gifford* v.

*Town of White Plains,* 25 Hun, 606; *Calhoun* v. *D. & M. R. R. Co.,* 28 id. 395; *Town of Solon* v. *N. S. Bank,* 35 id. 2; *Alvord* v. *S. S. Bank,* 98 id. 599; *C. M. L. Ins. Co.* v. *C. & C. C. R. R. Co.,* 41 Barb. 9.) A transfer of a void bond is a transfer of the original debt or consideration. (*Rockfeller* v. *Robinson,* 17 Wend. 206; *Tracy* v. *Talmage,* 14 N. Y. 192; *Oneida Bank* v. *Ontario Bank,* 21 id. 490; *Gerwig* v. *Sitterly,* 56 id. 214; *Dillenbeck* v. *Dygert,* 97 id. 203.) The fact that the commissioners acted through a broker or agent constitutes no defense. (*Mayor, etc.,* v. *Sands,* 105 N. Y. 210, 217; *Brownell* v. *Greenwich,* 114 id. 528, 529; *Kramrath* v. *City of Albany,* 44 Alb. L. J. 411; *Calhoun* v. *D. & M. R. Co.,* 28 Hun, 398, 402; *Hathaway* v. *Town of Cincinnatus,* 62 N. Y. 434, 447; *Town of Lyons* v. *Chamberlain,* 89 id. 591, 592; *Gould* v. *Town of Oneonta,* 71 id. 308; *People ex rel.* v. *Batchellor,* 53 id. 141; *N. Y. & B. S. M. & L. Co.* v. *City of Brooklyn,* 71 id. 584; *Lloyd* v. *Mayor, etc.,* 5 id. 374, 375; *State ex rel.* v. *Anderson,* 8 Baxter, 249.) The agreed case in *Brownell* v. *Greenwich,* and the whole record in that case, is properly in evidence in this case. (1 Greenl. on Ev. §§ 171, 175, 195, 210, 212, 527 *a.; Cook* v. *Barr,* 44 N. Y. 156; *N. Y. & L. C. T. Co.* v. *Hurd,* 44 Hun, 17; *Fogg* v. *Edwards,* 20 id. 90; *Eisenlord* v. *Eisenlord,* 49 id. 340; *Suprs.* v. *Birdsell,* 4 Wend. 460; *McCotter* v. *Hooker,* 8 N. Y. 503; *Fleming* v. *Smith,* 44 Barb. 554; *Owen* v. *Cawley,* 36 N. Y. 600, 606; *People* v. *Stephens,* 52 id. 306; *Curmen* v. *Mayor, etc.,* 79 id. 511; *C. & N. W. R. Co.* v. *Ohio,* 117 U. S. 123.) The previous litigations and judgments are no bar to this action. (Code Civ. Pro. § 1209; *Wheeler* v. *Ruckman,* 51 N. Y. 391; *Bell* v. *Merrifield,* 109 id. 213; *Harrison* v. *Wood,* 2 Duer, 50, 52; *Coit* v. *Beard,* 33 Barb. 357, 359; *M. Bank. Assn.* v. *Mariposa Co.,* 7 Robt. 225; *Stowell* v. *Chamberlain,* 60 N. Y. 272; *Audubon* v. *E. Ins. Co.,* 27 id. 216; *Wade* v. *Howard,* 8 Pick. 353; *Anderson* v. *Gregory,* 43 Conn. 61; *Fairchild* v. *Lynch,* 99 N. Y. 360; *Marsh* v. *Masterson,* 101 id. 401; *Zaeller* v. *Riley,* 100 id. 107; *People* v. *Hall,* 104 id. 171, 178.) The prior judgments, entered upon stipu-

lation,. and having reference to the bonds other than No. 8, constitutes no bar or prejudice to this action. (*Weiland* v. *White*, 109 Mass. 392; *Moulton* v. *Bowker*, 115 id. 36; *Rice* v. *Wilkins*, 21 Me. 558; *Kellogg* v. *Gilbert*, 10 Johns. 220; *Baron* v. *Cohen*, 62 How. Pr. 367; *Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 635, 636; *Marbourg* v. *Smith*, 11 Kans. 554; *Brown* v. *Hyde*, 6 Barb. 392; *E. R. Bank* v. *Kennedy*, 9 Bosw. 544; *Calhoun* v. *Millard*, 121 N. Y. 77, 78.) The Statute of Limitations cannot avail as a defense. (*In re Consalus*, 95 N. Y. 345; *Town of Solon* v. *N. S. Bank*, 35 Hun, 10; *People ex rel.* v. *Batchellor*, 53 N. Y. 411; *Corkings* v. *State*, 98 id. 492; *Bartlett* v. *Judd*, 21 id. 200.) The extra allowance of costs were properly made, and was upon the proper basis. (Code Civ. Pro. §§ 3253, 3262; *Mitchell* v. *Hall*, 7 How. Pr. 491; *In re B., N. Y. & P. R. R. Co.*, 35 Hun, 157; *Mingay* v. *H. M. Co.*, 99 N. Y. 271.)

*Esek Cowen* for defendant. There was no evidence that the court had jurisdiction to make the order. (Laws of 1869, chap. 907, § 2; *Mills* v. *Martin*, 19 Johns. 33; *Thomas* v. *Robinson*, 3 Wend. 267; *Wheeler* v. *Raymond*, 8 Cow. 311; *People* v. *Spencer*, 55 N. Y. 1; *Angel* v. *Town of Hume*, 17 Hun, 374.) The bonds which were not involved in the former litigation were void for want of power of the commissioners to issue them. (*Thompson* v. *Town of Momakating*, 37 Hun, 400; 106 N. Y. 674; *Gould* v. *Town of Sterling*, 23 id. 464; *Springport* v. *Teutonia Bank*, 75 id. 387; 84 id. 403; *Cagwin* v. *Town of Hancock*, Id. 532; *Hatfield* v. *Vil. of Fort Edward*, 70 id. 28.) The rule that purchasers of securities have a right to rely upon the false representations of agents who have been entrusted, by their principals, with the sale of such securities, has no application in this case. (*Parker* v. *Saratoga County*, 106 N. Y. 392; Laws of 1869, chap. 907; *Horton* v. *Town of Thompson*, 71 N. Y. 513.) As to the bonds which were all involved in the former litigation, and as to which judgments absolute, in favor of the defendant, were

entered against the then holders, the former judgment is conclusive as to each bond, and determines this action. (*Cromwell* v. *County of Sac*, 94 U. S. 351; *Bell* v. *Merrifield*, 109 N. Y. 207; *Marsh* v. *Masterson*, 101 id. 407.) The judgment absolute entered in these actions by the stipulations given by the respective parties is necessarily an absolute bar to a recovery. (*Hiscock* v. *Harris*, 80 N. Y. 406; *Roberts* v. *Baumgarten*, 126 id. 340.) If the bonds not involved in the former litigation are void, because issued in violation of the statute, no recovery can be had from the town of the amount paid for them by the holders. (*Gould* v. *Town of Sterling*, 23 N. Y. 464; *Horton* v. *Town of Thompson*, 71 id. 513.) The extra allowance of costs, in this case, was limited by the amount of the recovery. (*Downing* v. *Marshall*, 37 N. Y. 384; *Noyes* v. *C. A. Society*, 70 id. 483.)

FINCH, J. The objection urged on behalf of the parties defending this action that the judgment of the county judge authorizing the bonding of the town was not shown to have been founded upon the necessary jurisdictional facts, is answered by the provision of the statute which explicitly enacts that "such judgment and the record thereof shall have the same force and effect as other judgments and records in courts of record in this state." (Laws of 1869, chap. 907, § 2; Laws of 1871, chap. 925, § 2.) The evident purpose and legitimate effect of this provision is to clothe the judgment with the usual legal presumptions which attend the adjudications of courts of record having general jurisdiction, and to throw the burden of proving a lack of jurisdiction upon those asserting it. (*Craig* v. *Town of Andes*, 93 N. Y. 410; *Brownell* v. *Town of Greenwich*, 114 id. 518.) No such want of jurisdiction was shown in the present case and the contrary must be presumed. So that we enter upon our consideration of the case at bar under very different circumstances from those which have dictated the drift of our earlier decisions. In most of them the difficulties encountered were vital because they struck at the original and primary authority to borrow the

money or incur the municipal obligation, while here that authority is fully established and narrows the inquiry to an alleged mistake or error in its execution.

A further objection, affecting many, though not all of the bonds, grows out of a prior adjudication in which the error referred to was sought to be cured by a reformation of the securities. (*Potter* v. *Town of Greenwich*, 92 N. Y. 663.) There appear to have been three counts in the complaint in that case, two of which were eliminated by demurrers affecting the form and sufficiency of the pleading, and leaving only the equitable cause of action for a reformation of the bonds to be finally determined in this court. A reference to the decision made shows very clearly that the final judgments entered upon the stipulations were conclusive only upon the equitable cause of action and the claim of the parties to have the bonds reformed. The right to recover at law without such reformation was not before the court, was not determined, and appears to have been expressly reserved. Outside of the questions respecting the form of the last two counts in the complaint, which arose upon the demurrers and which the action of the court shows were determined not upon the merits, the only issues which went to trial and were involved in the judgment were those which were pertinent to the equitable relief sought, and the final adjudication denying that equitable relief left open to the bondholders their remedies at law upon the unreformed instruments or the transactions out of which they sprang. Both the trial court and this court so declared. We said in the opinion given: "It is contended by the learned counsel for the appellant that the bonds are valid as they now read. That seems also to have been the opinion of the trial judge. * * * If that is so, and whether it is so or not is not in question here, for the plaintiff presents the case in no such aspect, no aid from a court of equity is needed and the plaintiff has vexed the court without cause. He should be left to his remedy when the bond matures." The judgment absolute, at first described as "upon the merits," was corrected by striking out that clause, and now stands as sustaining the demurrers to the last two

counts upon the ground that they did not state a cause of action, and dismissing the complaint so far as it sought equitable relief. That judgment, therefore, and those in the other cases which depended upon it, settle only a question of pleading, and the right to a reformation of the bonds. They furnish no bar to the present cause of action.

The bonds which form the subject of this controversy divide themselves into two groups according as they were issued before or after May 12, 1871. Four bonds issued before that date have been adjudged void, and the remaining twenty-six issued after that date have been declared valid. Each party appeals from so much of the judgment as is adverse. The act of 1869, which authorized the issue, directed the bonds to be made payable in thirty years. The act of May 12, 1871, authorized their issue payable in not to exceed thirty years (Chap. 925, § 6); but further directed that not more than ten. per cent of the total authorized debt should be made payable in any one year. All the bonds issued were drawn so as to become due in twenty years, and that fact is relied upon to defeat both groups of the bonds in controversy..

There are several facts essential to a just appreciation of the nature and character of the difficulty in addition to those which have been already mentioned. The transaction authorized was a borrowing of money by the town to be used for certain specific purposes. Describing it as a sale of the bonds does not alter the real nature of the contract. The town could not sell its own promise to pay, and the bonds in its hands were that and nothing more. They acquired no vitality as securities capable of a sale until they had obtained a valid inception in the hands of the first holder. The consideration described as paid by him is in truth a loan of so much money to the town, for which he takes the town's promise to pay in the form of a bond. The result is in no respect different from what it would have been if the town borrowing the money had given as a voucher its promissory note. The bond and the note alike are but evidences of the debt which itself is the obligation to repay the loan. I think the authorities fully

justify this view of the nature of the transaction. (*Codding-ton* v. *Gilbert*, 17 N. Y. 489; *Eastman* v. *Shaw*, 65 id. 527; *Ahern* v. *Goodspeed*, 72 id. 108.)

It is important, next, to consider and define the position and attitude of the commissioners appointed under the act of 1869. By force of the judgment of the county judge they became the authorized agents of the town, empowered to borrow, upon its credit, the sum of forty thousand dollars, but restricted as to the term of credit to be given. That agency is denied by the appellant, who insists that no such relation was established, citing two decisions of this court as authority. (*Gould* v. *Town of Sterling*, 23 N. Y. 456; *Horton* v. *Town of Thompson*, 71 id. 513.) But these cases, and there are others to similar purport, rest their denial of the agency upon the fact that no valid authority had been conferred at all by reason of a failure to obtain the consent of the taxpayers. Until fulfillment of that condition precedent the commissioners were utterly without power and stood in no relation whatever to the town. But here the condition precedent was fulfilled. The judgment established the relation. The power to act as agents of the town in borrowing the money and applying it as directed was conferred; and what followed became a question, not of the existence of the power, but of the manner of its execution. Precisely that distinction was recognized in *Gould* v. *Town of Sterling* (*supra*), where the court said, adverting to the case of the *State of Illinois* v. *Delafield* (8 Paige, 527): "There the state was the party to be bound, and had by law appointed certain officers its agents and conferred upon them power to execute and negotiate its bonds. The difficulty consisted in the irregular manner in which the power was executed, not in the creation of the power itself. The distinction is as plain as that between conditions precedent and subsequent in general." In *Gould* v. *Town of Oneonta* (71 N. Y. 298), the character of the commissioners as agents of the town when acting within the scope of the authority conferred by the statute is fully recognized, and so we must remember in the further progress of the

inquiry that we are dealing with the acts of duly authorized agents of the town in the execution of the power.

Now, what those agents did as it respects the four bonds issued before May 12, 1871, was within the scope of their authority in every respect except one. They could borrow the money which the bonds were meant to secure for and in behalf of the town; and they did so borrow that money, and by that act lawfully bound the town to repay it. They could appropriate it on behalf of the town to the purchase of the designated railroad bonds, and did so appropriate it, and the securities bought became the lawful property of the town. What these agents could not lawfully do was to bind the town to a repayment by bonds maturing in twenty years when the statute required them to run for thirty, and that mistake they made. We may concede that for such reason the four bonds were void as bonds, as vouchers or securities; but it does not at all follow that the loan was void, that the borrowing was unlawful, that the lender lost his money and the town was at liberty to perpetrate a disgraceful robbery by means of the fault or mistake of its own agents. Treating the four bonds as void, we are required to dismiss them from the transaction, but not to repudiate the transaction itself. They were unlawful incidents of a perfectly lawful transaction and may be disregarded while the transaction stands. Conceding them to be void, they become nullities, mere blank and worthless paper, to be treated as if they had never existed, and to be appealed to for no purpose, at least by the party who avoids them. Dismissing them entirely, we may turn to what remains, and I am confident that enough remains to work out that measure of justice which we all feel it to be our duty to attain. Turning to the transaction itself, there appear to be two further facts, either proved without contradiction or involved in the findings. One of the commissioners testifies that he meant and intended to borrow the money and issue the bonds in strict accordance with the enabling statute, and there is not the least doubt of that fact. It is found that those who loaned the money did so in entire good faith, and that is true only upon the theory that they intended

a loan in obedience to the statute and not as a fraud upon the law. There is no difficulty, therefore, about the intent of either party. Their minds met in one common purpose. The lenders meant to lend and the borrowers to borrow in accordance with the terms of the law. If the vouchers given indicated a different intent, they have ceased to have any force and owed their form to some inadvertence or mistake as to what were in fact the requirements of the statute which both parties intended to obey and under which it was their purpose to contract. Throwing aside the bonds, therefore, we have left this substantial transaction. The commissioners, duly appointed as and adjudged to be the agents of the town to borrow for its use and upon the credit of the town the sum of forty thousand dollars, did so borrow that sum and no more, of which four thousand dollars was loaned by the holders of the four bonds in question, both parties intending a loan under the statute and according to its terms, which sum the town received through such authorized agents, but for which it has given no voucher or obligation or express promise of repayment. (*Louisiana* v. *Wood*, 102 U. S. 294.) Can there be any reasonable doubt that upon such a state of facts the law will imply a promise to repay the loan at the time and in the manner which is alone possible and valid, which was in the contemplation of both parties and which each fully meant and intended? I think not. It seems to me that a refusal to recognize and enforce the substantial transaction for lack of an express promise when one may and should be implied, and is shown to be in full accord with the purpose and intention of both parties, and accomplishes complete and accurate justice, would be a perversion of our plain duty. I think, therefore, that we should hold that the town of Greenwich is indebted to plaintiff in the sum of four thousand dollars, for which the void bonds were executed payable at the end of thirty years from the date of the loan with interest thereon, payable semi-annually, and should recover judgment for so much of the interest unpaid and in arrears as was due and payable at the commencement of the action.

As to the group of bonds issued after May 12, 1871, and which, because payable at the end of twenty years, violated, to some extent, the statutory provision that no more than ten per cent of the entire loan should fall due in any one year, we agree with the General Term and hold them valid upon the ground stated by Vann, J., in *Brownell* v. *Town of Greenwich* (114 N. Y. 518). While we have had some doubts as to the application of the doctrine asserted in that opinion to municipal corporations (*Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.*, 106 N. Y. 195; *Parker* v. *Bd. Suprs. Saratoga Co.*, Id. 392), and still think its application to such bodies should be attended with a degree of limitation and restraint, we see no reason why it should not apply where the limit of the general authority has not been exceeded, where no burden beyond that authorized has been imposed by some increase of the permitted debt, and where the defect complained of is in the mode and manner of executing and carrying out the general power conferred. To that extent we are prepared to approve the application of the doctrine referred to as applied in the *Brownell* case, and as the General Term have applied it to the present one, reserving the question whether it should have a wider range to an occasion which compels the inquiry.

The extra allowance awarded should be computed upon the amount of interest recovered, and not, as was done, upon the amount of the bonds.

The judgment should be modified by allowing a recovery, additional to that awarded at Special Term, for the interest upon the loan represented by the four bonds issued before May 12, 1871, and computing the extra allowance only upon the entire interest recovered in this action, and, as modified, should be affirmed. The plaintiff should also recover costs.

All concur, except Gray, J., who concurs as to the bonds other than the four issued before May 12, 1871, and as to those he concurs in result; Maynard, J., concurs in result.

Judgment accordingly.