STEPHEN SMITH and Another, as Executors, etc., of ERASTUS D. CULVER, Deceased, Appellants, *v.* THE TOWN OF GREENWICH, Respondent.    Action No. 1.

*Action to recover the amount of coupons attached to a void bond issued by a town — recovery for money received — Statute of Limitations.*

The town of Greenwich issued certain bonds, purporting to be issued pursuant to the provisions of chapter 907 of the Laws of 1869, prior to the amendment thereof contained in chapter 925 of the Laws of 1871. These bonds were made payable in twenty years from their date, instead of thirty years, as provided in the statute authorizing their issuance.

An action was thereafter brought against such town upon certain of the coupons attached to certain of such bonds.

*Held,* that the bonds as such were void, but that the town by which they were issued was liable for the money advanced thereon, as on an implied contract to repay the same ;

That the plaintiffs were entitled to recover, unless their claim on the coupons was barred by the Statute of Limitations ;

That a claim existed on account of said loan to such town in favor of the holders of the bonds for the principal sum loaned, and also a separate claim for the accrued semi-annual interest in favor of the holders of the coupons ;

That as the bonds were void, and the action was brought upon the assumption that the coupons attached thereto for the semi-annual interest, payable to bearer, were valid, the transfer of such coupons to the testator of the plaintiffs in such action gave a right of action, but that, the bonds being void, the cou-

pons could not be deemed to be sealed instruments, and hence that such action, if brought after the expiration of six years, was barred by the statute.

*Semble*, that if the bonds had been valid the coupons detached therefrom would have been deemed specialties, and in an action brought thereon a twenty-year limitation would apply ;

APPEAL by the plaintiffs, Stephen Smith and another, as executors, etc., of Erastus D. Culver, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 29th day of March, 1894, upon the decision of the court rendered after a trial at the Montgomery Special Term dismissing the plaintiffs' complaint upon the merits, with notice of an intention to bring up for review on such appeal an order entered in said clerk's office on the 16th day of February, 1894, overruling the plaintiffs' demurrer to the separate defenses stated in the eighth and ninth paragraphs of the defendant's amended answer, and directing judgment.

The action was brought on the 30th day of December, 1892.

*Sidney Smith*, for the appellants.

*Charles C. Van Kirk*, for the respondent.

PUTNAM, J. :

The coupons described in the complaint were detached from bonds issued by the town of Greenwich, Washington county, N. Y., between April 1 and May 12, 1871, pursuant to the provisions of chapter 907 of the Laws of 1869, and prior to the amendment thereof contained in chapter 925 of the Laws of 1871. The bonds from which said coupons were taken were made payable in twenty years from their date, instead of thirty years, as provided in the statute.

Under the decision of the Court of Appeals in *Hoag* v. *The Town of Greenwich* (133 N. Y. 152), the said bonds, as such, were void as " *bonds, as vouchers or securities*," but the agents of the town who issued them had the power to borrow the money, which, in good faith, was advanced thereon, and although they issued unauthorized securities, yet, the town, in the transaction, became liable on account of the money advanced on the faith of the bonds on an implied contract to repay the loan at the time when by the statute the bond should have been made payable. In the case cited

Judge FINCH uses the following language : " I think, therefore, that we should hold that the town of Greenwich is indebted to the plaintiff in the sum  *   *   *   for which the void bonds were executed, payable at the end of thirty years from the date of the loan, with interest thereon, payable semi-annually, and should recover judgment for so much of the interest unpaid and in arrears as was due and payable at the commencement of the action."

It follows, therefore, that the bonds from which plaintiffs' coupons were taken are not valid securities, but the town being liable for the money advanced thereon on an implied contract to repay the same, plaintiffs, under the doctrine established in the case above cited, were entitled to recover on said coupons unless their claim was barred by the Statute of Limitations.

If the town bonds in question had been valid securities the coupons detached therefrom probably would have been deemed specialties, like the securities from which they were taken, and in an action thereon a twenty-year limitation would have applied.   It is said by Judge EARL in *Bailey* v. *County of Buchanan* (115 N. Y. 297–301) : " It is true that past-due coupons, payable to bearer when detached from the bonds, are for many purposes independent, separate instruments.   They may be negotiated and may be sued upon by the holder without the production of the bonds.  *   *   *   But the coupons, nevertheless, always have some relation to the bonds. Their force and effect and character may be determined by reference to the bonds.   They are secured by the same mortgage, and, although unsealed, are specialties like the bonds and are governed by the same Statute of Limitations which is applicable to the bonds." (See, also, *City of Lexington* v. *Butler*, 14 Wall. 282–292 ; *Williamsburgh Savings Bank* v. *Town of Solon*, 136 N. Y. 481 ; *McClelland* v. *Norfolk Southern R. R. Co.*, 110 id. 469.)

But in the case under consideration there were in fact no bonds. The instruments, so called, were void.   The indebtedness was not secured by any writing, but was merely an implied obligation arising on account of money paid and advanced.

While the bonds, however, were void, plaintiffs brought this action upon the assumption that the coupons for semi-annual interest payable to bearer attached thereto were valid, and that the transfer of those mentioned in the complaint to their testator gave

them a right of action thereon. Assuming that this assumption is correct, it then appears that the defendant was indebted to the holders of the void bonds for the amount thereof payable at the end of thirty years from their date, with semi-annual interest, and also to the plaintiffs for interest on said indebtedness accruing in 1874, which accrued interest had been transferred to the plaintiffs' testator by a sale to him of the coupons described in the complaint.

Thereafter said plaintiffs or their testator could at any time have maintained an action on said coupons. A satisfaction or payment of the principal debt would not have extinguished such right. A claim existed on account of said loan to the town of Greenwich in favor of the holders of the bonds for the principal sum loaned, and a separate demand for the accrued semi-annual interest to the holders of the coupons. (*The City* v. *Lamson*, 9 Wall. 477; *Bailey* v. *County of Buchanan*, 115 N. Y. 297–301.)

It is alleged in the answers, to which demurrers were interposed, that plaintiffs' cause of action did not accrue within six or ten years prior to the commencement of the suit. The allegations contained in said answers may be deemed an averment that the coupons were transferred to plaintiffs' testator over six or ten years prior to the commencement of the action. When so transferred a cause of action at once accrued on the coupons in favor of the deceased. It was a cause of action on a demand separate from that of the persons to whom the town was indebted for the principal sum loaned. The cause of action so transferred by the sale of the coupons was not one on a sealed instrument, because the loan was not secured by a valid or legal bond. Plaintiffs' claim on the coupons was like one on an unsealed note. The action thereon, we think, was barred after the expiration of six years.

The learned counsel for the appellants apparently assumes that the bonds in question, which have been held by the Court of Appeals void as securities, should be deemed sealed instruments in this action, with the coupons attached thereto, as far as necessary to give such coupons the character of specialties. As we understand the decision of the Court of Appeals in *Hoag* v. *Town of Greenwich* (*supra*), the bonds issued prior to May 12, 1871, by the town of Greenwich were absolutely void. They are not to be regarded

as sealed instruments or securities for any purpose. Hence the coupons transferred to plaintiff's testator were not specialties. They were simply written instruments providing for the payment of semi-annual interest upon a loan to the town, for which no valid evidence of debt had ever been executed. If the sum loaned had been payable by the terms of the statute in one year, instead of thirty, an action to recover the principal sum would have been barred by the Statute of Limitations after the lapse of seven years. We conclude that the principal sum loaned to the town of Greenwich, not being secured by any legal bonds, the coupons for the semi-annual interest thereon transferred to deceased cannot be deemed sealed instruments, and hence the six-year limitation applies.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.