ANGLO-CONTINENTALE TRUST MAATSCHAPPIJ (ANGLO-CONTINENTAL TRUST COMPANY) and ANGLO-CONTINENTALE TREUHAND, A. G., Plaintiffs, v. ALLGEMEINE ELEKTRICITAETS-GESELLSCHAFT (GENERAL ELECTRIC Co., GERMANY), Defendant.

Supreme Court, Special Term, Kings County, May 19, 1939.

*Harry Hoffman* [*Harry Hoffman* and *Clifford R. Schuman* of counsel], for the plaintiffs.

*Cravath, deGersdorff, Swaine & Wood* [*Robert M. Diggs* and *Justus Sheffield* of counsel], for the defendant.

DALY, J. Plaintiffs move for summary judgment in an action to recover the face dollar amount of detached interest coupons issued and delivered by the defendant in New York city, payable to bearer at the head office of the National City Bank of New York, in the borough of Manhattan, which were presented for payment at the designated place, and payment refused upon demand.

By a cross-motion the defendant seeks leave to file a supplemental answer to plead a further defense. and for summary judgment pursuant to section 476 of the Civil Practice Act dismissing the complaint and each of the causes of action therein and awarding judgment in favor of defendant on the pleadings and on the admissions of the plaintiffs, and for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

The plaintiff Anglo-Continentale Trust Maatschappij is a corporation organized under the laws of The Netherlands, and the plaintiff Anglo-Continentale Treuhand, A. G., is a corporation organized under the laws of the Principality of Liechtenstein. The defendant is a German corporation which issued the bonds now held by the plaintiffs. The action is predicated upon the default of payment on certain coupons of these bonds.

The defendant has set up in its amended answer the following as one of its defenses:

That subsequent to the commencement of this action, the National City Bank of New York, as trustee under the trust agreements pursuant to which the bonds involved herein were issued, brought an action against the defendant and levied a warrant of attachment on the same assets previously attached by the plaintiffs herein. In said action the National City Bank of New York sought judgment against the defendant, among other things for the amount of matured and unpaid coupons, including those alleged to be owned by the plaintiffs herein; that neither the plaintiffs nor the defendant transact nor are qualified to transact business within the State of New York; that if the plaintiffs are permitted to maintain this action and obtain judgment, they will obtain a lien by attachment prior to that of the National City Bank as trustee for all of the coupon holders, many of whom are residents of the State of New York.

In the supplemental answer the defendant seeks to plead facts which occurred after the service of the amended answer, to wit, the obtaining of a judgment in the action by the National City Bank of New York as trustee, against the defendant, referred to in paragraph 33 of the amended answer. That judgment was entered

on March 7, 1939, in the New York County Supreme Court and is for the sum of $4,097,341.28, and includes the very coupons upon which the plaintiffs herein base their suit.

This motion is resisted by the plaintiffs upon the general ground that the right to serve a supplemental answer rests in the sound discretion of the court, which should not be exercised where injury may be suffered by the plaintiffs by reason thereof, or where the matter sought to be pleaded may work injustice to the plaintiffs, or where the matter sought to be interposed is not material to the defense.

It seems to me that the broad language of section 245 of the Civil Practice Act requires that the filing of this supplemental answer must be permitted. The section reads, in part: " The court may, and in a proper case must, * * * permit * * * a supplemental complaint, answer or reply alleging material facts which occurred after his former pleading or of which he was ignorant when it was made, including the judgment or decree of a competent court rendered after the commencement of the action determining the matters in controversy, or a part thereof."

In the instant case the defendant's *present* pleading refers to the very action in which the judgment which was later obtained, is sought to be pleaded by way of a supplemental answer in addition to the present pleading, and no prejudice can result from permitting the defendant to allege, supplementally, the disposition of an action already pleaded as a defense in an existing pleading.

Both sides move for summary judgment. The material facts are not in dispute. The essential question is one of law. The plaintiffs must recover if the defenses interposed by the defendant fall. The plaintiffs " do not contest the facts that the actions abroad and by the Trustee in New York were brought as alleged by the defendant." (P. 10 of Plesch affidavit.) It must, therefore, be accepted as true that the action brought by the trustee, which resulted in the judgment referred to in the supplemental answer, embraced the matured and unpaid coupons which are owned by the plaintiffs and are the subject-matter of this suit.

It is the contention of the plaintiffs that since they were not parties to the suit by the National City Bank as trustee, they are in no wise bound by that judgment; that the detached matured and unpaid coupons upon which their action is predicated are independent negotiable instruments not limited by any reference to the debentures from which they were detached, and that the trust agreements do not in any event limit the right of the plaintiffs to independently sue upon said coupons.

It is, of course, true that the plaintiffs were not parties to the trustee's action which was commenced subsequent to that brought

by the plaintiffs. But it is equally true that that judgment embraces the identical coupons sued upon by the plaintiffs herein; that that judgment remains wholly unpaid; that the plaintiffs herein have attached certain of the defendant's funds in this State; and that the trustee's subsequent attachment on such funds is subject to that of the plaintiffs.

I am of the opinion that the plaintiffs are bound by the judgment of the trustee, though they were not formal parties to that action. The plaintiffs, as well as all other coupon holders, were the real parties in interest in that litigation, which in fact was conducted for their benefit. Moreover, the affidavit of the vice-president of the National City Bank, submitted by the defendant as a reply affidavit, establishes that the trustee brought the action in good faith, upon the plaintiffs' *express request* and instigation.

As said in 1 Freeman on Judgments ([5th ed.], § 500, p. 1075): " But a beneficiary may be a party by representation or participation in an action by or against the trustee, * * * as where a suit is prosecuted or defended in good faith by a trustee for the benefit of the beneficiary with his knowledge or consent or at his request or where he otherwise participates therein. And whenever an action may properly be maintained or defended by a trustee in his representative capacity without joining the beneficiary, the latter is necessarily bound by the judgment * * *. A common form of security is the conveyance of property to trustees, to hold in trust for the purpose of securing the payment of bonds, coupons, and other evidences of indebtedness. In such cases the trustees represent the bondholders, and proceedings by or against the trustees, conducted in good faith, bind the holders of the bonds or other indebtedness." (See, also, vol. 2, §§ 601 and 719.)

Quite apart from any specific authority contained in the trust agreement or the debentures issued pursuant thereto, the trustee's action may be said to have involved, in the language of section 195 of the Civil Practice Act, a question " of a common or general interest of many persons * * * where * * * persons who might be made parties are very numerous and it may be impractical to bring them all before the court." This section has been held to apply with equal force to suits at law as well as to suits in equity. (*Cherry* v. *Howell*, 4 F. Supp. 597, 599.)

Furthermore, the fund belonging to the defendant, which has been attached in this jurisdiction, is a limited one. Should the plaintiffs secure an independent judgment in this action, this limited fund will be available solely to the payment of matured coupons . owned by the plaintiffs (who are alien corporations which do not transact nor are qualified to do business in this State), to the exclusion of all of the coupon holders included in the judgment in

favor of the trustee, many of whom are residents of this State. On the other hand, a judgment in favor of the defendant in this action will permit the application of this limited fund to the judgment which the trustee has obtained in behalf of all coupon holders, and afford a ratable distribution among them. (See *Guffanti* v. *National Surety Co.*, 196 N. Y. 452, 458.)

In addition, it is clear that the plaintiffs herein are still the holders of the bonds to which the coupons in suit were attached. These bonds are referred to in the coupons, and contain a provision: " All rights of action on this debenture are vested in the trustee, and the holder thereof shall not be entitled to enforce the same except through the said trustee or except as otherwise provided in the said trust agreement." The trust agreement in each issue provides that " no holder of any bond issued hereunder shall have the right to institute any suit, action or proceeding at law or in equity for the collection of any sum due from the company on such bond, for principal, premium or *interest* * * * unless * * * it being intended that no one or more holders of bonds shall have any right in any manner to enforce any right hereunder, or under or in respect of any of the bonds, except in the manner herein provided, and for *the equal, proportionate benefit of all holders of the outstanding bonds*." (Italics mine.)

The fact that the plaintiffs are suing upon detached interest coupons does not destroy their relation to the bonds; they are still the holders of the bonds. While the coupons are in the hands of the holders of the bonds they " remain mere incidents " thereof. As said in *Bailey* v. *County of Buchanan* (115 N. Y. 297, 301), the coupons " have no greater or other force or effect than the stipulation for the payment of interest contained in the bonds; and while they remain in the ownership and possession of the owner and holder of the bonds, it can make no difference whether they are attached to or detached from the bonds as they are then mere evidences of the indebtedness for the interest stipulated in the bonds."

It would, therefore, seem that in addition to the fact that the trustee has already secured a judgment for the identical unpaid coupons held by the plaintiffs, the latter were bound by the no-action clauses above referred to, and could not sue in their own names except under the conditions stated in the said no-action clauses, compliance with which has not been pleaded.

From this conclusion it follows that a discussion of the other defenses contained in the amended answer is unnecessary.

The plaintiffs' motion for summary judgment is therefore denied, and the defendant's motion is in all respects granted.

Submit order accordingly, on notice.