■     In the Matter of INGERSOLL RAND FINANCIAL CORPORATION, Appellant, v. FIRST CHICAGO INTERNATIONAL BANKING CORPORATION, Respondent. In the Matter of UNDERWRITERS BANK, INC., Appellant, v. FIRST CHICAGO INTERNATIONAL BANKING CORPORATION, Respondent. In the Matter of ZILKHA & SONS, INC., Appellant, v. FIRST CHICAGO INTERNATIONAL BANKING CORPORATION, Respondent. In the Matter of L. F. DOMMERICH & CO., INC., Appellant, v. INGERSOLL RAND FINANCIAL CORPORATION et al., Respondents. In the Matter of AMBASSADOR FACTORS CORPORATION, Appellant, v. FIRST CHICAGO INTERNATIONAL BANKING CORPORATION, Respondent. In the Matter of MASTAN COMPANY, INCORPORATED, Appellant, v. FIRST CHICAGO INTERNATIONAL BANKING CORPORATION, Respondent. In the Matter of BANCO DE LA REPUBLICA ORIENTAL DEL URUGUAY,, Respondent, v. FIRST CHICAGO INTERNATIONAL BANKING CORPORATION, Respondent.— Orders entered August 16, 1965, affirmed, with $50 costs and disbursements to respondents "First Chicago" and "Banco" with leave to appellants to renew their applications or to take any other action which they may be advised within 90 days after service of a copy of the order to be entered hereon with notice of entry. Six special proceedings were commenced pursuant to CPLR 6214 (subd. [d]) to compel First Chicago International Banking Corporation ("First Chicago") to deliver 20 drafts in its possession to the Sheriff of the City of New York pursuant to attachments which appellants had obtained against Banco Transatlantico del Uruguay ("Banco"). The 20 drafts, of $100,000 face value each, were drawn by and on Banco and were guaranteed by Banco del la Republica Oriental del Uruguay ("Central Bank"), and were deposited with First Chicago International Banking Corporation ("First Chicago") for sale in the New York money market. Appellants as creditors of Banco obtained orders of attachment in aid of various actions brought against Banco. When First Chicago, pursuant to CPLR 6219, served upon appellants garnishee statements denying it held attachable property of Banco, the special proceedings pursuant to CPLR 6214 (subd. [d]) were commenced to reach the 20 drafts in the possession of First Chicago. Central Bank, as a judgment creditor, commenced a plenary action to obtain the drafts; and sought possession in a separate proceeding pursuant to CPLR 5227. We agree with Special Term that the drafts were not attachable property. Until sold by First Chicago, the drafts acquired no validity. They were in the same category as the unused bonds in *Coddington* v. *Gilbert* (17 N. Y. 489). Moreover, even if the drafts had been validly issued and delivered, they still would not be assets but liabilities of Banco. Appellants suggest that further investigation and discovery procedures will disclose facts which will put a new light on the circumstances under which the drafts came into the possession of First Chicago. The attorneys for respondent represented to this court that the drafts, which are in the attorneys' possession, will be held by them for a reasonable period to permit such further inquiry. Therefore, appellants will be given leave to renew their applications, on the basis of any new evidence, within 90 days after service of a copy of the

order to be entered hereon with notice of entry during which time respondent's attorneys will retain possession of the drafts. Settle order on notice accordingly. Concur — Botein, P. J., Rabin, Stevens and Steuer, JJ.; Valente, J., deceased.