LEWIS POTTER, Appellant, *v.* THE TOWN OF GREENWICH, Re-
spondent.

(Argued May 7, 1883 ; decided June 5, 1883.)

THERE were two appeals in this action, one from judgment
of the General Term, sustaining a demurrer to the second and
third counts of the complaint.　The other from an order of the
same court, reversing a judgment in favor of plaintiff, and
granting a new trial.　The first appeal was affirmed on the
opinion of RUMSEY, J., at General Term, which is reported in
26 Hun, 326.

The first count of the complaint alleged in substance
that pursuant to chapter 907, Laws of 1869, an application
was duly made by the town of Greenwich, defendant, and it
was duly authorized to issue its bonds to the amount of $40,000,
and invest the same, or the proceeds, in the second mortgage
bonds of the Greenwich and Johnsonville railroad ; that com-
missioners were duly appointed, who issued the bonds of the
town to the amount specified; that said bonds were drawn as
said commissioners understood and believed in accordance with
said act, and they intended that they should be so drawn, and
intended and believed they were good and valid obligations of
the town, and so advised plaintiff; that they supposed the act
authorized the bonds to be issued payable at any time not ex-
ceeding thirty years; that plaintiff, believing and relying on

said statements of the commissioners, purchased one of said bonds, upon which default has been made in the payment of interest. By the terms of the bond the principal was made payable twenty years from its date. Plaintiff asked to have the bond reformed so as to make it conform to the statute; *i. e.*, to be made payable thirty years from date, and asked judgment for the interest due and unpaid. The answer to this count was a general denial.

The material facts as to this issue appear in that portion of the opinion which follows.

"The second appeal presents a more difficult question, whether a court of equity should interfere and reform the bond, which lies at the basis of this action. The case is a peculiar one, and in support of it we have been cited to no precedent. Between the plaintiff and defendant there was no previous contract — there was no contract or agreement at all, except as it is contained in the bond. The plaintiff, after the fullest opportunity for examination, bought the bond on the 25th of March, 1871, and made no objection to it until May 25, 1880, when he commenced this action, on the ground that, although the bond purports to have been issued under the statute known as the Bonding Act (Chap. 907, Laws of 1869), it does not conform therewith as to the time when payable. If the terms of a special authority were always followed, if public officers always performed their duty, a departure from the authority, or an exceptional omission on their part, might be ascribed to mistake, and the mistake rectified as of course. But nothing of that kind is pretended. The finding of the Special Term is that the commissioners intended that the bonds issued by them should conform to the statute, but committed the drafting of them to a scrivener, who 'by mistake made them so read that in effect they are payable at the expiration of twenty years from their date, instead of thirty years from their date,' and the commissioners inadvertently issued and sold the same. It is very properly argued by respondent's counsel that so far as this finding attributes this mistake to a scrivener, or indeed to any draftsman, it is without evidence. It does not even appear by whom, or by whose directions, the bonds were drawn. It

does not appear that the person who drew them labored under mistake of any kind, nor but that having — indeed he must be presumed to have had — perfect and present knowledge of the statute, used language and inserted terms in the bonds deliberately. In other words, for aught that appears, or is warranted by the evidence, the bond in question is exactly as the draftsman intended it should be.

"It is said, however, that the commissioners executed the bond under a mistake. The only one of that body who testified, says he read the bond before he signed it. Then he knew its contents. It is not found that he was ignorant of the statute under which he was appointed, and although he testified that he had not read the law, that fact even does not appear in relation to his associates. So the case is, that bonds drawn as the scrivener intended to draw them were executed by the commissioners with knowledge of their contents, and under the influence of no fraud, but by one commissioner under the impression, which proves to have been a mistaken one, that they conformed to the statute. As to the other commissioners there is no evidence. As there is no foundation for the finding that the scrivener was mistaken, no evidence but that two at least of the commissioners had in their mind the statute and the words of the bond, and purposely signed the bond in disregard of the statute, the case presents itself as one where what was done was knowingly and intentionally done, and where, therefore, there could be no mistake. It is contended, however, by the learned counsel for the appellant that the bonds are valid as they now read. That seems also to have been the opinion of the trial judge, who finds as a conclusion of law, 'that the statute providing that such bonds shall become due and payable at the expiration of thirty years from their date fixes thirty years as the time in which said bonds shall become due and payable, and overrules and controls the words of the bonds prescribing an earlier date for their payment.' If that is so, and whether it is so or not is not a question here — for the plaintiff presents the case in no such aspect — no aid from a court of equity is needed, and the plaintiff has vexed the courts without cause. He should be left to his remedy when the bond matures."

*Samuel Hand* for appellant.

*Esek Cowen* for respondent.

DANFORTH, J., reads for affirmance of order and judgment absolute against plaintiff, dismissing complaint.

All concur, except ANDREWS and EARL, JJ., dissenting.

Also for affirmance of judgment sustaining demurrer to the second and third counts of the complaint.

All concur.

Judgment accordingly.