Finch, J.
The plaintiffs servéd an ambiguous complaint. That is the way in which they encountered defeat and the cause of their principal trouble. Their argument here goes upon a denial of that ambiguity, after having admitted it upon the trial, and having refused to remove it when it was explicity pointed out. The 'Complaint was so drawn as to admit of a construction that the action was to recover interest due and payable upon the sealed bonds -of the town of Greenwich issued in aid of a railroad construction. .But, regarded as specialties, the instruments were exposed to certain possible objections. The complaint shows that six thousand and five hundred dollars of the bonds were issued before May 12th, 1871, and therefore, although the commissioners were duly and lawfully appointed, were authorized to borrow the money and to bind the town to its re-payment they were nevertheless, specific.ally limited to the issue of bonds payable in thirty years, and-tbey made the mistake of executing them maturing in twenty years. 'The balance of thirty-three thousand and five hundred dollars were issued after May 12th, 1871, and when, by an amended act, it was lawful to make the securities payable within any period' less than thirty years. But that amendment of the law' which made the twenty years’ credit permissible imposed another condition which was that the commissioners should not issue the bonds so ■as to make more than ten per cent, of-the whole loan fall due in. .any one year. The question of the liability of the town had three times been before this court anterior to the commencement of this action and the preparation of the complaint therein. Potter v. Town of Greenwich, 92 N. Y. 662; Brownell v. Town of Greenwich, 114 id. 518; 24 St. Rep. 6; Hoag v. Town of Greenwich, 133 N. Y. 152; 44 St. Rep. 519. In the last case it was conceded for the purposes of the argument, but without either discussing or deciding the point, that the twenty-year bonds, issued when the law required a credit of thirty years, were for that reason void as -securities; but, it was held that, disregarding them, the town was -still liable upon an implied contract to pay principal and. interest •of the .money loaned. That was the. legal situation when the present complaint was drawn. The pleader observed that if for any reason the power to issue bonds concededly existing, was imperfectly or unlawfully executed, there still would remain a right of action founded upon the authorized and completed loan, and rest *321 ing upon an implied contract-of re-payment. Observing that fact h.e drew his complaint with a double aspect. He sets out the bonds and the precedent facts necessary to make them authorized; but beyond that he carefully pleads the loan of the money of the town in good faith, its receipt and use of the money for the permitted purposes and the failure to pay after demand. All the elements of an action on an implied contract, irrespective of the sealed bonds, were fully and carefully supplied, and they entered into and formed part of what was pleaded as one single and complete cause of action. When the defendant answered, it had to face this ambiguity, and come prepared for either attitude which might be assumed. Regarding the complaint as a suit on the bonds, it alleged defenses aimed at a destruction of their validity. Regarded as an action on an implied contract to recover interest payable on the money loaned, the defense of the six-year and the ten-year statute of limitations was interposed. To those defenses the plaintiffs demurred. The defendant’s brief asserts, and the facts were denied or questioned on the argument,, that at the first trial the defendant’s attorney, in o£en court, offered to stipulate that he would strike out the defenses demurred to, if plaintiffs’ attorney would stipulate to recover only on the bonds as valid contracts under seal, or on a cause of action to which the six or ten years’ statutes would not be a defense, and the court said openly, that an order would be granted sustaining the demurrer if such stipulation should be made. The ambiguity of the complaint, its double aspect, thus came very plainly to the surface. The plaintiffs were charged with it, were asked to remove it, were offered immunity from the pleas of the statue if the ambiguity should be ended, but they steadily and persistently refused. The demurrers were overruled, and thereupon judgment was rendered for the defendant dismissing the complaint. Why that was done the record before us does not show, and it is not material to inquire, since no question is raised here, except over the sufficiency of the pleas and the overruling of the demurrers.
It is at this point it seems to me that the learned counsel for the plaintiffs makes his mistake. He says that as to the sixty-seven bonds issued after May 12th, 1871, there has never been in this court any adjudication of their invalidity and we have always treated them as valid. That is entirely true and the general term is mistaken in saying that we have ever held them to be void. But what then ? The reply of the learned counsel is that he should have recovered upon them as specialties. I think so too, so far as the facts have come to our knowledge, though we do not so decide; but whose fault is it that there was no such recovery, and how is any such question before us ? When the demurrers were overruled the trial must have proceeded in some manner upon the issues joined. The plaintiffs were at liberty to prove their bonds, the defendant at liberty to establish their invalidity, quite possibly even by some new proof of which we had never heard and upon which we had never passed. What took place we do not know. The record before us discloses nothing but a judg *322 ment for the defendant on the merits. It may have been very wrong, bat how can we inquire into it ? By what process can we say that the court erred in rendering it when we know nothing of what was proved or admitted on the trial ? The only alleged error brought to our notice is the ruling on the demurrer. Beyond that we are necessarily ignorant of what occurred. Something may have been proved or admitted in open court which justified the judgment rendered and showed the bonds to be invalid outside of any previous ruling of burs. The decision on the demurrer is before us. The niaterial on which to consider it is presented, but the judgment for the defendant on the merits is brought here bare and lonesome, and without anything showing it to have been erroneous. It is not necessarily wrong: it may have been entirely right, and no question about it is here for our review. The inevitable inference from what we do know is that plaintiffs regarded the pleas of the statute of limitations as fatal, if those pleas stood and perilled the entire result on the decision of the demurrers. Why they did so we are not required to explain or even to understand.
The learned counsel says also that this court did not decide in the Hoag case that the bonds issued before May 12th, 1871, were void. That also is true. We assumed their invalidity for the sake of the argument because, conceding so much we thought, there could still be a recovery and put the decision upon the ground of an implied contract. We did so for the reason that, we had grave doubts of the validity of those bonds considered as securities, and have such doubts still. The question differs from that decided in City of Quincy v. Warfield, 25 III. 317. There the bonds bore twelve per cent, interest when the statute only permitted eight, and the court held the bonds good pro tanto. An illegal excess was to be cut off. But here something not. in the bonds was to be added, viz., an additional credit of ten years. . But, again, that question is not before us, and we are not required to consider or discuss it. The same thing also is true of the further contentions that a suit on the coupons is a suit on the bonds because they partake of the nature of the-specialty, and that the bonds themselves in spite of the error they contained were good for all purposes except the term of credit. For there are In the record no findings either of fact or law and no request for either, no objections of any kind and not a single exception; in other words, nothing upon which error could be predicated. Nevertheless the question of the demurrer and the validity of the pleas may be regarded as submitted to us by the common consent of both of the litigating parties.
There is' thus only the one question presented, whether the court should have stricken out the pleas of the statute of limitations. They were a good ■and complete and perfect defense to the-cause of action pleaded which rested on an implied contract. If plaintiffs, nevertheless, could under the same pleadings and in spite of the pleas have recovered on the bonds as specialties they should a least have tried to do so, should have presented their proofs and arguments, asked rulings and taken exceptions, instead *323 of apparently consenting to a final judgment against themselves on the merits simply because their demurrer was overruled. The ambiguity of the complaint was not the defendant’s fault. ' It had the right to plead all the defenses it had in either aspect of that complaint, and when it offered to withdraw those pleas if the plaintiffs would stand solely upon their bonds the latter have only themselves to blame for the refusal.
The record discloses no error and the judgment should be affirmed, with costs.
All concur.
Judgment affirmed.
Motion for a reargument.
Finch, J.
A motion for a reargument is made in this case accompanied with elaborate explanations entirely immaterial to the legal question decided, and of consequence only to a wrong view of the opinion rendered. The point involved and decided was wholly one of pleading. We held, in affirmance of the courts below, that the cause of action pleaded as one and single was upon an implied contract to pay the interest upon a loan to the town; that to such cause of action the statute of limitation was a complete and perfect defense; that the demurrer was, therefore, properly overruled and judgment for the defendant inevitable unless barred by some other possible proceedings of which the record gave no knowledge. I urged as reasons for that construction the form and character of the complaint itself, pointing out that it followed closely the essential facts needed to sustain an action on an implied contract as disclosed in the Hoag case and unessential to an action on the bonds themselves; that two distinct classes or groups of bonds creating distinct grounds of action were enveloped in the complaint, and which were those issued illegally in form before the amendment of the statute, and those issued, without defect thereafter; that an action on an implied contract would justify a single action on both classes while an action on the bonds would not; and that on the hearing an offer was made by the defendant, concurred in by the court, that if plaintiff would stipulate to stand on his bonds alone.or upon a cause of action to which the pleaded statute of limitation was no defense the demurrer should be sustained and the trial proceed, but the plaintiff refused. I have not the least doubt on that state of the case that the judgment rendered was correct. To have denied the defendant the protection of his plea would have been almost inexcusable. That is all there is of the question presented and of the decision made, and the sole pertinent commentary upon it contained in the moving papers, outside of a persistent claim that the complaint was not ambiguous, although two different constructions have been clashing along the whole line of trial and appeal, appears to be that the assertion of defendant’s- brief as to what occurred in the offer of a stipulation was denied on the argument. I took more than usual pains to be sure of the fact asserted, but it is not necessary or seemly to dispute about that, for on .this motion the affi *324 davit oi; the counsel who tried the case for the plaintiff is produced which shows that the offer was made and that the court did approve it. It is added that the offer required a withdrawal from the complaint of the allegations that the money was actually loaned to the town and that the commissioners intended to act within their powers, and for that reason was refused. The very reason assumes a purpose in some manner and in some way to rely upon' something else or other than the coupons as partaking of the nature of valid bonds, and neither the court nor the counsel were bound to speculate upon the chances of an undisclosed purpose.
■Beyond what is pertimeut to the question decided come suggestions entirely outside of it, founded upon so much of the opinion as intimated a possibility, consistent with the record, that the hearing had proceeded beyond the mere issue of law. • The judgment in terms recited that it was ‘ upon the merits.’ rThe plaintiff might have withdrawn his demurrer upon the usual terms, and I think should have done so, or divided his complaint into its two possible causes or action with the assent of the'defendant or of the court, in either of which cases the merits would have been reached. In view of that possibility I said: first, that there were no findings or exceptions appropriate to its review, and, second, that the only alleged error brought to our notice was the ruling on the demurrer, and that as the case stood the inevitable inference was that the plaintiff perilled his whole action on the demurrer. In other words, that if the complaint had been by consent or otherwise divided into its two causes of action the plea fatal to one was not necessarily so as to the other, and the issues joined could have been tried, the plaintiff seeking to prove his bonds and the defendant to invalidate them, but that, while that possibility existed, the inevitable inference was that the judgment rested upon the decision of the demurrer. That inference is conceded to be correct, and all the statements of what we erroneously believed as to other proceedings or other possible reasons for the judgment are without the least foundation. Our suggestion of what the plaintiff might have done and I think should have done is turned into a belief that it was done, and into a ground of the decision in the face of the explicit statement that we knew nothing about it, and that the inevitable inference from the record was that the judgment stood wholly upon the demurrer. So treating it, and it is conceded that we should have done so, we held that the demurrer was properly overruled and the judgment correct. Occasionally where a party fails for reasons connected with the practice adopted we feel a sympathy which leads to an effort for his relief, but we need not indulge any where, without surprise or inadvertence, but with a view of gaining an advantage, there has been an apparent effort to rely on the bonds to cut off the statute' and then on an implied contract to remedy defects in the bonds. The coupons sued on matured in 1873, and had been due for almost twenty years when this action was brought. The allegation of the complaint is that they were found among the papers of Culver after his death, and that he had possession as owner, and that is all that *325 is asserted as to his title. The bonds themselves have been paid with interest while the coupons in suit have been left unclaimed. We have no such impression of the justice of the demand as to make us grant some favor which is not even asked.
The motion should be denied, with ten dollars costs and disbursements.
All concur. Motion denied.